## SUCCESSION OF FITZWILLIAMS.

|     |     |
|-----|-----|
| 3   | 489 |
| 46  | 748 |
| 3   | 489 |
| 48  | 724 |
| 3   | 489 |
| 50  | 227 |
| 50  | 400 |
| 3   | 489 |
| 125 | 190 |

Sec. 2 of the stat. of 25 March, 1844, confers on the surviving spouse where the deceased has not disposed by testament of his or her share in the community, the usufruct of the share of the community property inherited by the issue of the marriage, so long as the survivor shall not contract a second marriage. That share consists of the residue after payment of the debts. The statute does not confer on the survivor the usufruct of the share regardless of debts ; nor does it impair the rights, either of the creditors or heirs, to insist on the prompt payment of the community debts.

The usufruct created by sec. 2 of the stat. of 25 March, 1844, must be governed by the rules prescribed by the Civil Code on the subject of usufruct ; and by these rules either the creditors or the heirs may claim that property subject to the usufruct be sold to an amount sufficient to pay the debts, unless the usufructuary prefer to advance the sums necessary for that purpose. The survivor can preserve the property unsold only by paying or assuming the debts thereby releasing the heirs from interest ; in which case he will be entitled to all the fruits produced by the property, they being deemed equivalent to the interest on the sums advanced (C. C. 578, 579) ; and, in his settlement with the heirs, he must be ranked as a creditor for the amount of those debts, without interest, and held not accountable for the revenues received during the existence of the usufruct.

Where a surviving spouse, entitled to the usufruct of the share of the community property inherited by the issue of the marriage, is treated in the settlement with the heirs as an usufructuary of the whole share of the community property who has advanced the sums necessary to discharge the debts, he can claim no remuneration, in his settlement with the heirs, for services rendered while administering the property for his own exclusive use.

APPEAL. from the District Court of Madison, *Selby*, J. *A. Pierse* and *Micou*, for the curator, appellant. *Thomas* and *Snyder*, contrâ. The judgment of the court was pronounced by

KING, J. *Anna Fitzwilliams* died intestate, in August, 1844, leaving two children, the issue of her marriage with her surviving husband. She left also a succession in community between her surviving husband and heirs, consisting of a plantation and slaves, encumbered with debts to a large amount. The husband preserved the property in kind, and administered it, applying the revenues to the payment of the debts. In June, 1846, he contracted a second marriage, and thereby forfeited the right to the usufruct of one half of the community, conferred by the act of 1844. Subsequently he applied for the administration of the succession, caused the property to be sold, and presented an account, in which he claimed the entire revenues derived from the community property from the death of his wife until his second marriage, and a salary for his services as overseer and manager of the property during that time. These items were opposed by one of the two heirs; the opposition was sustained, and the administrator has appealed.

·The only questions presented, by the agreement of the parties, for consideration on this appeal, relate to the extent of the usufructuary right of the surviving husband, and his right to remuneration for his services in the management of the property.

The second section of the act of 1844, p. 99, upon which the rights of the parties depend, is as follows : "In all cases where the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed, by last will and testament, of his or her share in the community, the survivor shall hold, in usufruct, during his or her natural life, so much of the share of the deceased in said community property as may be inherited by such issue : *provided*, however, that such usufruct shall cease whenever the survivor shall enter into a second marriage." The right conferred by this act on the survivor is, to hold in usufruct the share of the community property inherited by the common issue. That share must necessarily consist of the residue after the payment of the debts. The statute has not given to the survivor the usufruct of all the community property regardless of the debts, nor has it impaired the rights of either the creditors or the heirs, to insist on a prompt payment of the debts of the community. A different interpretation would violate the letter, and, as we conceive, the spirit of the statute. The language of the law is free from ambiguity. The difficulty arises in applying it to cases like the present; where the survivor has not settled the community at the death of the deceased, paid its debts, and exercised his usufructuary right upon the residue; but has retained the property unsold, and has received the revenues.

The usufruct created by this act must be governed by the rules established in the Code upon the same subject. By these rules both the creditors and the heirs may claim that, property subject to the usufruct be sold to an amount sufficient to pay the debts, unless the usufructuary prefer to advance the sum necessary for that purpose. At the death of the wife, the rights of the parties respectively, were fixed by law. The survivor had his election, either to sell community property to a sufficient amount to discharge the debts promptly, and to exercise his usufructuary right upon one-half of the residue; or, if he preferred to preserve the property unsold, he could only do so on paying the debts himself, or on assuming them, thereby relieving the heirs from the burthen of interest, which might ultimately absorb their entire inheritance. In the latter event, the usufructuary is entitled to the entire fruits produced by the property, the fruits being deemed equivalent to the interest on the sums advanced. C. C. arts. 578, 579. But he cannot retain the property unsold, leave the debts unpaid

to the prejudice of the heirs, and return it to them, at the expiration of the SUCCESSION usufruct, encumbered with the additional burthen of the interest which may FITZWILLIAMS. have accrued in the mean time.

If these propositions be correct, it follows that, the surviving partner, who retained and administered the property in kind, which could not be done to the detriment of the heirs, must, in his settlement with the latter, be considered as having assumed, or paid, the debts with which it was burthened at the death of his wife. He must, therefore, be ranked as a creditor on the proceeds of the sale for the amount of these debts, at that date, without interest, and is not accountable for the revenues received during the existence of the usufruct. Deducting this amount of debt from the sales, the residue will be community; to which is to be added three-fourths of the nett crop of 1844, three-fourths of the planting year having expired when the usufruct commenced. He is also accountable to the heirs for one-half of the nett product of the crop of 1846, the usufruct having expired in June. This mode of stating the appellants accountability for the revenues, is made in conformity with his account presented. The result does not vary materially from a calculation based upon the art. 538, which would give him the crop of 1844, and to the community the crop of 1846. Whether it should be so computed has not been made a question, and it is unnecessary to determine the point. According to either mode of calculation the judgment in favor of the appellee is too small. Being treated, for the purposes of a settlement with the heirs, as the usufructuary of the whole community property, who had made the advances necessary to discharge the debts, he is, of course, entitled to no remuneration for services rendered while administering the property for his own exclusive use. The debts of the estate, at the death of the wife, are admitted to have been $35,000.

A calculation shows that the judgment of the District Court has awarded to the opposing heir less than she is entitled to. She has not prayed, however, that it be amended. *Judgment affirmed.*