## SUCCESSION OF ANTOINE NUMA TASSIN.*

Under the second section of the Act of March 17th, 1852, " to provide a homestead for the widow and children of deceased persons," it was *held :* That the surviving widow was bound to give security as usufructuary, the usufruct being of money belonging to her deceased husband's children by a former marriage.

APPEAL from the District Court of the Parish of St. John the Baptist, *Duffel*, J. *Berault & Legendre*, for administrator, appellant. *St. Paul & Bony*, for appellee.

---

*This case was decided in 1855, and not heretofore reported.

SPOFFORD, J. The only question in this case grows out of the construction of the Act of March 17th, 1852, entitled "an Act to provide a homestead for the widow and children of deceased persons." Sess. Acts, p. 171.

Section one enacts, "that whenever the widow or minor children of a deceased person, shall be left in necessitous circumstances, and not possess in their own right property to the amount of one thousand dollars, the widow or the legal representatives of the children shall be entitled to demand and receive from the succession of their deceased father or husband, a sum which added to the amount of property owned by them, or either of them, in their own right, will make up the sum of one thousand dollars, and which said amount shall be paid in preference to all other debts except those of the vendor's privilege and expenses incurred in selling the property."

It is further enacted by section two, "that the surviving widow shall have and enjoy the usufruct of the money so received from her deceased husband's succession during her widowhood, afterwards to vest in and belong to the children or other descendants of said deceased."

The administrator of *Tassin's succession*, who is the appellant in this case, concedes that the District Judge properly allowed the surviving widow the usufruct of one thousand dollars by preference out of the succession; but he complains that the money was improperly ordered to be paid over to her without requiring security for the return of the principal to the descendants of her deceased husband upon the termination of her widowhood by marriage or death.

His argument is, that the second section of the Act of 1852, constitutes her a usufructuary of money, and that she is, therefore, by legal implication, subjected to the obligations imposed upon such usufructuaries by sec. 3d, tit. 3d of the Civil Code; that is, that she must give security, or in default thereof, the money must be put out at interest on good security, under the authority of the Judge.

In this case, the usufruct is established by operation of law. C. C. 532. The general rule is that usufructuaries must give security. C. C. 551. The burden is on the opponent to show that she falls within some exception to the rule.

It is true, that neither the father nor mother having the legal usufruct of the estate of their children, is required to give the security. C. C. 553. But the opponent does not belong to this category of persons. Her usufruct is not of the estate of her children; but of a sum of money belonging to *Tassin's* children by a former marriage, who are now minors.

It is true that the security may be dispensed with in favor of the usufructuary by the act by which the usufruct is established. C. C. 552. But there is no such dispensation of security in the Statute of March 17th, 1852, under which this usufruct is established.

The usufruct created by that act must conform to the laws *in pari materiâ*. C. C. 17; *Succession of Bringier*, 4 An. 394; *Succession of Fitzwilliams*, 3 An. 489.

Construing the Act in connection with the general law upon the subject of usufruct, we conclude that in a case like the present, it was the intention of the lawgiver that security should be given by the widow.

The Article 556 of the Civil Code provides, that if the usufructuary does

not give security or a special mortgage, &c., sums of money, the usufruct of which has been given, shall be put out at interest on good security, with the consent of the owner, and if he refuses, by the authority of the Judge.

<span style="float:right">SUCCESSION OF TASSIN.</span>

It is, therefore, ordered, adjudged and decreed, that the judgment of the court below be so amended, as to authorize the sum of one thousand dollars to be paid over to the opponent, *Emma Hymel*, widow of *Antoine Numa Tassin*, by preference out of his succession, only upon her giving security according to law; and in default of her giving such security, that the said sum of money be put out at interest on good security, according to Article 556 of the Civil Code; the interest thereof to be paid to the said opponent during her widowhood, and at the expiration thereof the capital to be paid over to the children or other descendants of the deceased *Antoine Numa Tassin*. It is further ordered and decreed, that in other respects, the judgment appealed from be affirmed, the costs of this appeal to be borne by the opponent and appellee.