Susan E. Conner *v.* Administrator and Heirs of H. L. Conner.

*The legal usufruct spoken of in Art. 553 of the Civil Code is that referred to in Articles 239, 240 and 241, and does not embrace the* marital portion *; as usufructuary the surviving spouse is bound to give security to the heirs for the marital portion.*

APPEAL from the District Court of the parish of Tensas, *Farrar,* J.
*C. Roselius* and *T. P. Farrar,* for plaintiff and appellant. *H. B. Shaw,* for defendants.

Merrick, C. J. This case was before the court in 1855, and was remanded for further proceedings. See 10 An. 452. A final judgment having again been rendered, which is unsatisfactory to the plaintiff, she prosecutes this second appeal.

We will consider the questions presented by her counsel in their order.

I. It is contended, that the sum allowed her in usufruct ought to have been $20,508 33½, instead of $18,341 66 which was allowed her by the decree of the District Judge. The decree of this court remanding the cause, fixed the estate in Louisiana left by the deceased at $135,000, subject to a reasonable deduction for the value of the slaves added thereto and improvements made since the death of said *Henry L. Conner,* existing at the adjudication to *George R. Marshall.* The District Judge estimated these improvements at $25,000. In this we think he has fallen into an error. It is in proof that the additional slaves enhanced the value of the place $12,000. The testimony does not enable us to estimate the additional value given to the place by the building of the new gin and quarter for the negroes. It is shown that the plaintiff herself contributed labor towards these improvements, and as they were doubtless paid for out of the revenues of the place we do not feel ourselves called upon to make a proximate estimate. If the improvements were placed on the property from the revenues it is evident that plaintiff's proportion of the revenues, viz : one-sixth thereof, have contributed to form the capital, upon a part of which she is subsequently to have her usufruct. If the defendants wished for the allowance they ought to have introduced certain proof of the value of such improvements, and not to have left the same to conjecture. We are of the opinion, that the judgment of the lower court ought to be amended in this particular, as prayed for, and that she should be allowed $20,508 33½ in usufruct.

II. It is contended on the part of the appellant, that the usufruct of the one-sixth is a legal usufruct, and, therefore, under Art. 553 C. C., the plaintiff is not obliged to give security for the money to be delivered her. In the French text it is said in this Article, that the father *and* mother having the legal usufruct of the effects of their children, the vendor and donor, who have reserved the usufruct, are not obliged to give this security. The English text of the Article begins, "*Neither* the father nor mother having the legal usufruct," &c. We think the legal usufruct spoken of in this Article (553 C. C.) is that referred to in Articles 239, 240 and 241 of the Civil Code, and does not embrace the marital fourth. See 2 An., 43 ; 3 An., 490 ; *Succession of Tassin,* 12 An., 885, and *Wood, Widow Neely,* v. *Administrator of Stokes,* ante 143.

CONNER
v.
CONNER.

III. Plaintiff complains that the judgment did not allow her interest upon the amount due her in usufruct and that she ought to be entitled to five per cent. thereon per annum from the judicial demand. The property was sold on the fifth day of February, 1853, for $135,050. One-third was paid in cash. The residue was payable on a credit of one and two years with eight per cent. interest after maturity until paid. The second account filed by the administrator on the 19th day of March, 1853, showed a balance of $7786 93 in his hands, which was increased by his subsequent account. The heirs, therefore, have been in the receipt of the revenues of the estate, derived from the installment in cash, since the 5th day of Feb., 1853, which appears to have gone into their hands. They ought to account for this and the subsequent installments of the price as fast as received, or, which is the same thing, interest at five per cent. on one-sixth of the entire price, from the 5th day of Feb., 1854. If the widow were not entitled to claim the revenues of the thing given in usufruct during the pendency of the suit, from the time it ought to be delivered her, it would be an inducement to the heirs to protract the litigation and prevent her as long as possible from receiving her dues. Were it shown how much interest the heirs had received on the installments of the price, we might charge them with one-sixth of the same as an incident of the usufruct. Not having this proof before us, the property must be held to have produced five per cent. revenue per annum in the hands of the heirs, from the maturity of the respective installments, or by equation, from the date of the second installment.

IV. The minor, *Louisa R. Conner*, was represented in the suit by a curator *ad hoc* and her under-tutor, and it is proper that the judgment should also include her within its provisions.

V. The plaintiff complains of the allowance of commissions to her as tutrix. We are of the opinion, that the District Judge properly confined the tutrix to commissions upon $13,050, as this is the only amount which the minors appear to have received from the administrator and which was subject to the administration of plaintiff. It is clear that the revenues of the plantation while under the management of the administrator, and which were taken by him to pay debts, were not subject to the commissions of the tutrix. The decree allows her all that she is entitled to, but it is better that the decree should specify the exact amount due by each heir.

VI. The plaintiff recovered in the Probate Court of the State of Mississippi, on the settlement of her account of guardianship of *Anna F. Conner*, deceased, contradictorily with the defendants, $1621 13 as her commissions for administering said estate. As there were not revenues out of which the same could be allowed in Mississippi, this portion of the decree could not be paid, and the plaintiff sets it up against revenues arising in Louisiana. It is shown that $13,050 were invested in real estate in Louisiana from the revenues of the plantation. The deceased minor was the owner of one-fifth of this sum. Hence as these defendants and *Louisa R. Conner* inherited the whole of the estate of the minor in Mississippi, to the exclusion of the mother, the judgment ought to be enforced in Louisiana against *Mrs. Blake, Mrs. Castello* and the minor *Brickell*, for their virile shares of the same.

As to the remainder due by *Louisa R. Conner*, plaintiff has the means of settling the same in her settlement of accounts with the said minor, *Louisa R. Conner*.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and we do now here order, adjudge and decree, that the plaintiff be allowed ten per cent. on the sum of $13,050, as commissions as tutrix, to be paid as follows: $309 93¾ by *Mary S. Blake*, the like sum, viz: $309 93¾ by *E. W. Brickell* as tutor for *A. F. C. Brickell*, and the like sum, viz: $309 93¾ by *Eveline B. Castello*, and that the same amount be charged to said minor, *Louisa R. Conner*, in the hands of her tutrix, and the residue, viz: $65 25, to be borne by the plaintiff; and it is further ordered, that the marital portion of the plaintiff in the succession of *Henry L. Conner*, deceased, be fixed by deducting from $135,050, 12,000 for the enhanced value given to the property by the additional negroes and improvements thereon since the decease of *Henry L. Conner*, which leaves $123,050, of which said plaintiff is entitled to receive one-sixth in usufruct, viz: the usufruct of $20,508 33⅓; and it is further ordered, adjudged and decreed, that said *Mary S. Blake*, *E. W. Brickell* as tutor of said *Anna F. C. Brickell*, and *Eveline B. Castello*, and said minor *Mary Louisa Conner*, do each contribute, out of their respective portions of the estate, to form said sum of $20,508 33⅓, the sum of $4870 72⅔, making the sum of $19,482 90½, and that plaintiff be charged with $1025 41¼ thereof in her own favor; and it is further ordered, that said heirs, viz: *Mary S. Blake*, *E. W. Brickell* as tutor of said *Anna F. C. Brickell*, *Eveline B. Castello* and *Mary Louisa Conner*, do each pay to said plaintiff five per cent. interest upon said sum of $4870 72⅔, due by each from the 5th day of Feb., 1854, until this decree shall become executory and carried into effect; and it is further ordered, that said sums of money, upon which she is allowed her usufruct by this decree, be delivered to her upon her executing bond with security, conditioned according to law, and in the event she shall be unable to give said bond or refuse so to do, it is ordered, that said sums of money given to her in usufruct be loaned at eight per cent. interest upon good security, the interest to be paid her annually during her life, the duration of said usufruct; and it is further ordered, adjudged and decreed by the court, that said *Mary S. Blake*, *E. W. Brickell* as tutor to said *Anna F. C. Brickell*, and *Eveline B. Castello*, do each pay said plaintiff the sum of $405 28, it being their virile shares of $1621 13, allowed by the judgment of the Probate Court of Adams County, Mississippi, in the settlement of the account of the plaintiff, as tutrix of *Anna F. Conner*, deceased, said plaintiff having the means of settling the other one-fourth thereof in her settlement with her ward, *Mary Louisa Conner;* and it is further ordered, that said defendants and appellees pay the costs of the appeal.