### Harriet Waring et als. v. M. J. Zunts.

A Sheriff sale of community property, under a judgment on an individual debt of the surviving spouse, does not divest the undivided half-interest of the heirs of the deceased spouse.

The right of the survivor in community to claim the usufruct of the deceased spouse's interest in the community property is coupled with the obligation to furnish security in favor of the heirs.

Where the property belonging to the community has been purchased at a Sheriff sale, under a judgment rendered on an individual debt of the surviving partner in community, the minor heirs of the deceased partner are entitled to a judgment in revendication, without any alternative or conditional allowance.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Hunton & Miller*, for plaintiffs. *R. & H. Marr*, for defendant and appellant.

Voorhies, J. This is a partition suit.

The plaintiff and intervenor set up title to an undivided half of a slave, which is in the defendant's possession. The latter claims title to the slave by virtue of a Sheriff sale, in a suit against the former's mother, *Harriet Waring*. The judgment in that case had been obtained on an individual debt of *Mrs. Waring*, and the slave in question was community property.

It is evident that, under such proceedings, the undivided half-interest of the heirs was not divested.

But the defendant contends that, inasmuch as the surviving widow in community was, by law, entitled to a usufruct during widowhood, the plaintiffs' action does not yet accrue.

The right of the widow to claim the usufruct is coupled with the obligation to furnish security in favor of the heirs. It does not appear, nor is it alleged, that *Mrs. Waring* has taken any steps to comply with the law in this respect, nor that the defendant, her creditor, has even offered to do so in her stead. The seizure and sale made by the Sheriff did not, in fact, point to the usufruct; and, without deciding that such usufruct could be legally levied upon, it is clear that, in the present instance, the adjudication did not vest the usufruct in the defendant.

The judgment of the District Court, after recognizing the plaintiffs' claim and ordering the partition, condemned the defendant to pay the sum of five hundred dollars, in case the slave should not be produced. In this respect, the decree must be amended: the minor's right in revendication cannot be divested in this manner.

It is, therefore, ordered, that the judgment of the District Court be amended, by striking out the conditional allowance of five hundred dollars; and that, in other respects, the judgment be affirmed; the appellees paying the costs of appeal.