No. 1122.

| 33 | 1143 |
|----|------|
| 112 | 93 |
| 33 | 1143 |
| 119 | 117 |
| 33 | 1143 |
| 125 | 195 |

SUCCESSION OF SARAH E. HAYES. ON OPPOSITION OF O. HAYES ET AL.

The husband in this case, having by his wife's last will the usufruct of her share of the Community, and, whilst acting as her Executor, having sold for Confederate money cotton belonging to the Community, is held to have sold it as usufructuary and not as Executor, and to be liable for its value.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *Hudspeth*, J.

*Lewis & Bro.* for Opponents and Appellants:

The usufruct of *cotton* is an imperfect or *quasi* usufruct, and transfers the ownership to the usufructuary. The latter may " consume, sell or dispose of it, as he thinks proper," subject only to the charge of returning the same quantity, quality and value to the owner, or its estimated price, at the termination of the usufruct.

One having the usufruct of the estate of another, by last will and testament, who exercises his usufructuary right by selling or disposing of the property "as he thinks proper;" who, in his petitions and final account, claims the rights and privileges of an usufructuary, cannot afterwards plead that he is responsible to the heirs as administrator; claiming and exercising the rights of an usufructuary, he must also be charged with the burdens incidental to the right.

*John E. King* for the Executor, Appellee:

'Under the exceptional circumstances in which fiduciaries were placed by the existence of war, when localities were possessed and ravaged in turn by contending armies, and when under these difficult circumstances they acted with discretion and honesty, they cannot be held responsible in law for losses which were inevitable as a result of the war." 31 An. 169.

C. C. 567. It is the duty of the usufructuary to keep the things of which he has the usufruct, and to take the same care of them as a prudent owner does of what belongs to him..

"He is accordingly answerable for such losses as proceed from his fraud, default or neglect."

*H. L. Garland* on the same side.

The opinion of the Court was delivered by

POCHÉ, J. At her death, on the 19th of October, 1862, Sarah E. Hayes, wife of Jesse B. Clark, who left no issue, but several legal heirs, left a will, under which she gave to her husband the usufruct of her share in the community property.

·This litigation grows out of oppositions filed by the heirs to a final account and settlement of the community, filed by Clark in January, 1866, as dative testamentary executor. Although numerous items of the account were opposed, the issue on this appeal is confined to the correctness of the judgment of the lower court in dismissing oppositions to the following items :

1st. A credit of $1055 55 claimed by the executor for cotton belonging to the succession, sold by him for Confederate notes, which were converted into Confederate bonds, now valueless.

2d. A credit of $2000, claimed by him on account of his separate property and funds brought into the community, which, opponents contend, should be reduced by $254.

1st. The proper disposition of the opposition to the item of credit of $1055 55 requires an inquiry into the nature of Clark's possession of the succession cotton sold by him for Confederate money. If he held the cotton, as he contends, as testamentary executor, then under the great danger to which the cotton was exposed, either to confiscation or to destruction by fire, during the late civil war, during which the locality where the cotton was situated, was surrounded and overrun by contending forces, or by organized bands of robbers, the disposition which Clark made of the cotton is justifiable in law, which exonerates him from responsibility in the premises.

If, on the other hand, he held the cotton as testamentary usufructuary, as opponents contend,. his possession was under the imperfect usufruct, transferring to him the ownership of the cotton, with full power to dispose of it as he thought proper, entailing the obligation of returning the same, or the estimated value thereof, to the heirs, at the expiration of the usufruct. C. C. Art. 536–549.

Considering that, in his petition for the probate of his wife's will, Clark specially alleged that the usufruct of the wife's community property was bequeathed to him, and that the probating of the will was predicated upon and made with special reference to his petition ; considering that, in his tableau of distribution, he claimed credit for two items charged on the inventory, on the ground that these items were for portions of crops ungathered in October, 1862, when the usufruct began, and which he claimed as usufructuary, and that the accountant must be bound by his judicial admissions, we conclude that he took and held the twenty-two bales of cotton which he sold for Confederate money, in his

right of usufructuary under the will, and that his responsibility must be tested under the provisions of our Code regulating the right of usufruct. This conclusion is further justified and absolutely confirmed by the fact, shown in the record, that the investment by Clark of the funds realized from his sale of the cotton, was not made in the name of the succession, but in his own name, and confusedly with other funds of his. We are clear that his administration, as executed, has been confined by law and by his own acts to the separate property of his wife, as shown by the inventory, and not subject to his usufruct. All these circumstances clearly differentiate this case from that of the succession of Frazier, 33 An.

Had he kept, as some of his neighbors did, his cotton to the end of the war, and sold it at forty-five cents a pound, in legal currency, and realized from the transaction some five thousand dollars in such currency, he could not have been held accountable for more than the estimated value of the cotton, as shown by the inventory. In that case, he would have been entitled to the profits, in this, he must sustain the losses.

We are clear that the usufruct of cotton, the use of which would be of no value to the usufructuary, if he did not change the substance of it, by manufacturing or selling it, is of the imperfect kind, C. C. Art. 534, and that Clark exercised his legal right in selling it, and has thus contracted the obligation of returning the same or the value thereof. Hence, in our opinion, the District Judge erred in refusing to amend the account in this particular.

2d. We are satisfied by the evidence that, among the property brought into the community by Clark, were some horses and cows, which he himself values at $254, for which animals he is not entitled to credit against the community. We, therefore, hold that the value of these animals must be deducted from the credit of $2000, allowed him by the District Judge, on account of his separate property and funds.

Appellants call our attention to the insufficiency in amount of the bond of the usufructuary, as fixed by the lower court. It must be increased from one thousand dollars to two thousand five hundred dollars.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be amended by striking out the credit of $1055 55, allowed for the cotton sold by accountant for Confederate money, by reducing from $2000 to $1746 the credit allowed to accountant, on account of his separate property or funds, by increasing the usufructuary's bond from one thousand dollars to two thousand five hundred dollars; and that, as thus amended, said judgment be affirmed; costs of appeal to be paid by appellee.