## No. 1,330.

### MYRTILLA WELSH vs. C. D. WELSH, ADMINISTRATOR.

The homestead sum of $1,000 allowed the widow and minor children of a deceased person, must be paid to the widow without requiring security from her, when there are no minor children of a previous marriage to whom the amount will go after the termination of the usufruct of said sum.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. *Reed,* J.

*A. R. Mitchell* for Plaintiff and Appellant.

*George H. Wells* for Defendant and Appellee.

The opinion of the Court was delivered by

McENERY, J. Henry Welsh died in the parish of Calcasieu in 1886, leaving his surviving widow, the appellant, in necessitous circumstances. There was no issue of the marriage. By his first marriage he left two children, both of whom were majors. C. D. Welsh, his son by the first marriage, administered his father's succession. The administrator filed his account of the administration and placed the necessitous widow on his tableaux as a creditor for the sum of $1,000, less a credit of $98. The usufruct of the $1,000 due the widow is conceded, but the administrator refused to pay over the amount to her without her giving security for the amount. On the trial of the opposition to the account, in which the opponent, the widow Welsh, claimed said amount without giving security, the opposition was dismissed. From this judgment she has appealed.

The only question in this case is does the widow come within any exception which relieves her from giving security?

The children who are of age by the former marriage have no interest in this controversy.

The act of March 17th, 1852, entitled "an act to provide a homestead for the widow and children of deceased persons," which has become Section 2885 R. S., intended to provide for the widow and minor children of a deceased person left in necessitous circumstances. It was to be paid in preference to all other debts except the vendor's privilege and the expense of selling the property. It was a sum taken from the succession and bestowed as a bounty upon the widow and the minor children.

The act says nothing about the giving of security by the widow, but it has been decided that the usufruct created by the act must conform to the laws in *pari materia.* Suc. of Tassin, 12 Ann. 885; Andrew Cowen vs. Cessaire Bourg, 16 Ann. 615.

If the widow Welsh was the mother of a minor child issue of her marriage with her deceased husband, in accordance with Act 560 of the Revised Statutes, she would be dispensed with giving security.

The Act of March 17th, 1852, gave the widow the usufruct only, as the amount was intended for the joint benefit of the widow and the minor children.

In the cases reported in 12 Ann. 886, and 16 Ann. 615, there were minor children of the deceased by a former marriage to whom the amount bestowed by the act would go after the termination of the usufruct enjoyed by the widow. As the widow was not the mother of the minor children she was not dispensed by Art. 560 of the Revised Code from giving security for the usufruct of the money.

In the Suc. of Tassin, 12 Ann. 886, the court said, "the general rule is that usufructuaries must give security. The burden is on the opponent to show that she falls within some exception to the rule."

In the instant case the opponent has brought herself within the exception. The object in giving security is to preserve and secure the money for the person or persons to whom it descends after the termination of the usufruct. There were no minor children by a previous marriage to whom the money will descend after the usufruct ceases. It can not go to the major children of the deceased, because it does not again return to the succession of the deceased. The money has been taken from and separated from the succession and bestowed upon the widow and the minor children. It belongs to them—the usufruct to the widow —and the ownership to the minors. In the instant case there is no one

to whom the money descends, and as the law, in its humane provisions, intended to provide for the destitute out of the fund of the succession, it is not unreasonable to interpret it to mean that when it provided for the widow and the minor, that its intention was that in the absence of minors it should go to the widow to enjoy the whole amount. But as there is no one to whom the amount descends, it would be an idle thing for the widow to give security for its return to an imaginary claimant who can never appear.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and it is now ordered that the administrator of the succession of Welsh pay to the widow, Myrtilla Welsh, the sum of $902, balance due her as a widow in neccesitous circumstances, and that she be dispensed from giving security for said amount, and that the succession of Welsh pay costs in both courts.