143 So. 2

**CANAL BANK & TRUST CO. v. LIUZZA et al.**

No. 31746.

May 23, 1932.

Rehearing Denied June 20, 1932.

Dart & Dart and Leo L. Dùbourg, all of New Orleans, for appellant.

O'Niell & O'Niell, of New Orleans, for appellees.

LAND, J.

Pascal Liuzza died intestate in the city of Los Angeles, leaving a widow and three children and an estate consisting entirely of community property in the city of New Orleans.

His succession was opened in the civil district court for the parish of Orleans, and an inventory of the assets was duly taken, showing a valuation of $36,103.82 and debts to the amount of $3,364.19.

On May 20, 1926, by judgment of said court, the widow, Rosaria Mandella Liuzza, and her three children were placed in possession of the estate, the widow being placed in possession of one-half in her own right and of the other half as usufructuary, and the children receiving each the naked ownership of an undivided one-sixth interest subject to the usufruct.

Mrs. Rosaria Mandella Liuzza took possession of all of the property and funds of the succession, including all money and movables. Thereafter the larger part of the assets of the estate was liquidated and realized the sum of $27,984.32, which was turned over to a brother of decedent by Mrs. Liuzza, under representation to her that he would safely invest same in first mortgage securities. Instead of doing so, the brother of decedent violated his trust, used the money in his own private affairs, and Mrs. Liuzza received nothing from him in return.

The children's share of the funds for which Mrs. Liuzza was unable to account amounted to $12,309.82, and, in order to repay them as far as she could, Mrs. Liuzza, on July 22, 1931, entered into an agreement with the heirs of liquidation, settlement and partition of all of the property formerly belonging to the community, renounced her usufruct, and consented that the remaining portion of the real estate at the corner of Tulane avenue and Liberty street, in the city of New Orleans, should go to the heirs in part satisfaction of their share of the estate. This property was worth $12,040, according to expert testimony.

On April 23, 1928, Mrs. Rosaria Mandella Liuzza gave her unsecured promissory note for $7,500 to the Canal Bank & Trust Company, plaintiff herein, due ninety days after date.

On July 24, 1931, the bank brought suit on this note, and on September 5, 1931, by supplemental petition, attacked the act of partition made by Mrs. Liuzza in favor of her children, on the ground that the transfer by partition was made for the purpose of placing all the property of Mrs. Liuzza beyond the reach of her creditors and in fraud of their rights, and particularly in fraud of the rights of plaintiff bank, a creditor of Mrs. Liuzza at the time of the transfer.

Judgment was rendered on the note sued on in the original petition in favor of plaintiff bank against Mrs. Liuzza in the sum of $7,500, with interest, attorney's fees and costs; but plaintiff's demands, based upon grounds for the revocatory action in the amended and supplemental petition, were rejected at its costs, and plaintiff bank has appealed.

1. Defendants contend that, if the partition be treated as a mere conveyance to the children, as plaintiff bank herein seeks to do, it

would nevertheless be valid, since, under article 3318 of the Revised Civil Code, the heirs had a legal mortgage on the remaining property to secure the amount due them according to the inventory; that defendant, Mrs. Liuzza, could not have prevented the heirs from enforcing or foreclosing their legal mortgage, and therefore defendant did not, by executing the act of partition, give to her children any preference or advantage over plaintiff bank, but merely recognized the preference and advantage which the children already had and were entitled to over plaintiff bank under the law; and hence that the transaction complained of was not made in fraud of, or to the prejudice or injury of, plaintiff bank, or of any creditor of defendant.

Article 3318 of the Civil Code provides that: "There is *legal mortgage,* reckoning from the closing of the inventory, *on the property of the surviving husband or wife,* or heirs, who have been invested by the inventory *with the care of the property of the community* or succession, *until they are relieved from their care or a partition has been made."*

This article is found under the heading of "Legal Mortgages" in the Revised Civil Code, and its plain purpose is to protect the heirs, minors or majors, against all of the acts of the surviving husband or wife or heirs, who may be in the possession and control of the property of the community or succession.

■ There is nothing in the language of the article that justifies us in restricting the legal mortgage on the property of the surviving husband or wife, invested with the care of the property of the community, to the protection of the rights of minor heirs only, as contended by able counsel for plaintiff. It appears to us as logical and reasonable that majors, as well as minors, are entitled to protection against misuse or abuse of their property.

The legal mortgage, claimed by the Liuzza heirs on the property of their mother, is one which the law alone gives to the creditor on the property of his debtor, without it being requisite that the parties should stipulate it.

It is also called a tacit mortgage, because it is established by law without the aid of any agreement. Rev. Civ. Code, art. 3311.

It is true that neither the father nor mother having the legal usufruct of the estate of their children is required to give security, unless directed by will. Rev. Civ. Code, art. 560; Succession of Glancey, 114 La. 1051, 38 So. 826; Succession of Dielmann, 119 La. 101, 43 So. 972.

■ Instead of the legal mortgage claimed by the Liuzza heirs in this case being in conflict with the above article of the Code, as contended by counsel for plaintiff, this mortgage supplies most timely what would otherwise be a hiatus in the law of this state, in so far as the protection of the rights of major and minor heirs, against the acts of surviving parents and heirs in possession, is concerned.

Construing articles 560 and 3318 of the Civil Code together, it is clear that, although the lawmaker has exempted the father and mother as usufructuaries from giving personal security, at the same time provisions have been made in the Civil Code for a legal or tacit mortgage, as full protection to the rights of the heirs out of possession.

Counsel for plaintiff bank confidently rely upon the case of Aaron v. Bayon, 131 La. 228,

59 **So. 130, in** which it is said that the Code nowhere "determines" that a legal mortgage shall exist upon the property of fathers and mothers who enjoy the usufruct of the property of their minor children. It is worthy of note that article 3318 of the Civil Code is not even mentioned in the Aaron Case, and, necessarily, this article was not interpreted in that case.

Pascal Liuzza died intestate, and left issue of the marriage with his wife, Rosaria Mandella Liuzza. As survivor, she holds "a usufruct, during * * * her natural life, so much of the share of the deceased in such community property as may be inherited by such issue." Rev. Civ. Code, art. 916.

Construing the above article with article 3318 of the Code, it is clear that "the legal mortgage * * * on the property of *the surviving wife,* who has been invested * * * *with the care of the property of the community,*" is necessarily a legal mortgage on the property of the mother, who enjoys the usufruct of the property of her children, whether majors or minors. Such is the clear and unambiguous language of the Code.

2. Counsel for the bank argue that the legal mortgage did not exist because the inventory was not recorded. Defendants do not contend that the unrecorded mortgage which the law gave to the Liuzza heirs, against their mother, would have had the effect of a mortgage against the rights of plaintiff bank, if the bank had obtained and recorded a judgment against Mrs. Liuzza. Manifestly, there would be no lawsuit if the legal mortgage in favor of the Liuzza heirs had been recorded.

As we see it, the only question in the case is whether Mrs. Liuzza committed a fraud by consenting to make the act of partition, instead of letting her children sue her or record their legal mortgage against her. Clearly, the Liuzza children did not gain by the act of partition any greater advantage or preference over the ordinary creditors of Mrs. Liuzza than the children already had.

The legal principle governing this case is well set forth in E. Newman & Company v. John Eaton and Wife, 27 La. Ann. 341, as follows: "The plaintiffs, creditors of John Eaton, sued to set aside a dation en paiement by him to his wife, on the grounds that there was no debt due the wife; that the husband was insolvent at the time he made the giving in payment, and that in the act by which the giving in payment was made, the wife assumed the payment of the debt of the husband. * * *

"On the thirty-first of January, 1872, the husband made the dation en paiement. On the sixth of February, 1872, the plaintiffs obtained their judgment against the husband, *on a debt which was contracted before the dation en paiement.* * * *

"*Before any other mortgage against the husband had attached to the property,* the husband gave it to his wife in payment of the said sums due her. It is evident that *if the wife had recorded her mortgage on the day the giving in payment was made,* her mortgage would have attached to the property, and she could have sold the property, under her mortgage to satisfy her debt, without giving just grounds to her husband's creditors to complain. We think it equally clear *that he could make the giving in payment lawfully.* * * *" (Italics ours.)

So, in the instant case, the Liuzza heirs could have recorded their legal mortgage, and could have sold the property under it to satisfy the indebtedness of their mother to them, without giving just grounds of complaint to her creditors, including plaintiff bank.

The partition was not tainted with either actual or constructive fraud. The children acquired less than half of the amount due them from the succession of their deceased father. Mrs. Liuzza did only what she would have been compelled to do, had her children brought an action of partition against her.

3. Plaintiff bank has pleaded the prescription of four years under article 362 of the Civil Code, which provides that: "The action of the minor against his tutor, respecting the acts of the tutorship, is prescribed by four years, to begin from the day of his majority."

As the Liuzza heirs have brought no action against their mother as tutrix, and as the settlement made by them with her for their interest in the community was legal and valid, we fail to see any merit in the plea of prescription, which is overruled.

Judgment affirmed.

O'NIELL, C. J., recused.