HIGGINS, Justice.
 

 Plaintiff claims the marital fourth from his wife’s estate, under article 2382 of the Revised Civil Code, alleging that she died rich, leaving him relatively poor, and, as they had one minor child, he was entitled to one-fourth in imperfect usufruct, because the .property inherited by his wife consisted of negotiable bonds of corporations and municipalities, payable to bearer, and that he was dispensed from furnishing bond under the provisions of article 560 of the Revised Civil Code.
 

 The defenses urged by the under tutor and concurred in by the relatives of the minor, appearing as interveners, are (1) that the plaintiff was not poor within the meaning of the article of the Code at the time of the death of his wife and, (2) in the alternative, that he was required to give security as usufructuary, because the corpus of the wife’s estate was not community property but consisted of her separate property inherited from her mother.
 

 There was judgment in favor of the plaintiff as prayed for and the under tutor and interveners appealed.
 

 The record shows that the plaintiff was married to Ruth Gebert Taylor on Janu
 
 *1089
 
 ary 24,' 1924"; that no children were born of the union but the couple adopted the minor defendant, Barbara; that the deceased had not been previously married and did not leave any other adopted child; and that she died intestate on September 7, 1935.
 

 The mother of the deceased died in August 1934 and her estate was under administration at the time of-the death of her daughter, who received certain substantial income from the administrator during her lifetime, but, her one-sixth share of the inheritance from her mother’s estate was delivered after her demise.
 

 The plaintiff’s wife left a net separate estate of $55,581.23, and a half interest in the community existing between deceased and plaintiff valued at $586.00.
 

 The plaintiff was employed as the United States Postmaster at Franklin and for several years preceding his wife’s death received a salary of $2,500.00 per year. After her death, he lost his position. The only assets owned by him at the time of his wife’s death was his one-half of the community property inventoried and appraised at $586.00. His wife had not brought him any dowry and left him neither life insurance nor any legacy. The deceased’s succession was closed on September 17, 1936, and judgment was rendered recognizing the plaintiff and his minor daughter as surviving spouse and sole heir, respectively, and placing them in possession of the community and separate property.
 

 The relevant part of article 2382 of the Revised Civil Code reads as follows:
 

 “When the wife has not brought any dowry, or when what she brought as a dowry is inconsiderable with respect to the con-, dition of the husband, if either the husband or the wife die rich, leaving the survivor in necessitous circumstances, the latter has a right to take out of the succession of the deceased what is called the marital portion; that is, the fourth of the succession in full property, if there be no children, and the same portion, in usufruct only, when there are but three or a smaller number of children ; and if there be more than three children, the surviving, whether husband or wife, shall receive only a child’s share in usufruct, and he is bound to include in this portion what has been left to him as a legacy by the husband or wife, who died first.”
 

 It is contended by interveners and the under tutor that since the plaintiff’s wife died before receiving the corpus of her inheritance, that the couple’s mode of living in keeping with his salary had not been changed and, therefore, he was not in the position of a surviving spouse who was accustomed to affluence and riches and had suddenly been deprived of that position in life, because of his wife’s death. Consequently, it is argued that he was not relatively poor.
 

 The record .shows that during the year preceding his wife’s death, she received regularly from the administrator of her mother’s succession her share of the income from the property. It appears that she not only spent these revenues but incurred an indebtedness of $11,124.47, for additional comforts and luxuries. Furthermore, under article 940, Rev. Civ. Code, the
 
 *1091
 
 deceased as a forced heir, immediately succeeded to her share of the property upon the death of her mother under the maxim le mort saisit le vif. The administration by an administrator or the executor does not suspend the effect of this rule of law. Succession of Coco, 185 La. 901, 171 So. 70.
 

 The- contentions of the defendants and interveners on the first defense are also fully answered adversely to their positions in the cases of Succession of Guillon, 150 La. 587, 91 So. 53; Dupuy v. Dupuy, 52 La. Ann. 869, 27 So. 287; Succession of Piffet, 39 La.Ann. 556, 2 So. 210; Melancon’s Widow v. His Executor, 6 La. 105; Succession of Fortier, 3 La.Ann. 104; Smith v. Smith, 43 La.Ann. 1140, 10 So. 248; Succession of Morris, 137 La. 719, 69 So. 151; Succession of Andrus, 187 La. 931, 175 So. 624; Veillon v. Lafleur’s Estate, 162 La. 214, 110 So. 326; Succession of Pelloat, 127 La. 873, 54 So. 132. See, also, Saunder’s Lectures on the Civil Code, p. 76.
 

 We conclude that the evidence shows that the plaintiff comes within the provisions of article 2382, Rev.Civ.Code, as interpreted by this court, and is entitled to the marital fourth.
 

 As the couple had an adopted dáughter, the plaintiff is entitled to the marital fourth in usufruct only. Rev.Civ.Code, art. 2382.
 

 Since the estate of the decedent consisted of negotiable bonds payable to the bearer, the usufruct is an imperfect one. Johnson v. Bolt, La.App., 146 So. 375; Burdin v. Burdin, 171 La. 7, 129 So. 651; Vivian State Bank v. Thomason-Lewis Lumber Co., 162 La. 660, 111 So. 51; Succession of Block, 137 La. 302, 68 So. 618; Kahn v. Becnel, 108 La. 296, 32 So. 444, and Miguez v. Delcambre, 125 La. 176, 51 So. 108; Succession of Hayes, 33 La.Ann. 1143.
 

 Is the plaintiff, as usufructuary, required by law to give security?
 

 Plaintiff argues that he is dispensed from furnishing bond by article 560, Rev. Civ. Code, and the defendant and interveners contend that this article is inapplicable, because the decedent’s estate consisted of her separate property and not community property.
 

 Article 558, Rev.Civ.Code, under the heading “Of the Obligations of the Usufructuary” provides:
 

 “The usufructuary must give security that he will use, as a prudent administrator would do, the movables and immovables subject to the usufruct, and that he will faithfully fulfill all the obligations imposed on him by law, and by the title under which his usufruct is established.”
 

 Article 540, Rev.Civ.Code, provides:
 

 “Usufruct may be established by all sorts of titles; by a deed of.sale, by a marriage contract, by donation, compromise, exchange, last will and even by operation of law.
 

 “Thus the usufruct to which a father is entitled on the estate of his children during the marriage, is a legal usufruct.”
 

 Article 560, Rev.Civ.Code, — formerly article 553, Civ.Code (article 601, Code Napoleon) reads as follows:—
 

 “Neither the father nor mother, having the legal usufruct of the estate of their
 
 *1093
 
 children, nor the seller, nor the donor, under the reservation of the usufruct, is required to give this security.”
 

 The legal usufruct provided for by the various articles of the Revised Civil Code (Rev.Civ.Code, arts. 223, 224, 225, formerly articles 239, 240, 241, and articles 916, 2382, 3252, Rev.Civ.Code) are created by operation of law and being in pari materia must be governed by and conform to the rules established in the Code on the subject of “Usufruct”. Rev.Civ.Code, -art. 17; Succession of Bringier, 4 La.Ann. 389, 394; Succession of Fitzwilliams, 3 La.Ann. 489; Succession of Tassin, 12 La.Ann. 885; Wood v. Stokes, 13 La.Ann. 143; Corner v. Bourg, 26 La.Ann. 615; Welsh v. Welsh, 41 La.Ann. 717, 6 So. 551; Veillon v. Lafleur’s Estate, 162 La. 214, 110 So. 326.
 

 It is stated that the last paragraph of article 540, Rev.Civ.Code, limits the usufruct created by operation of law to that enjoyed by a father on the estate of his children during marriage. This part of the article gives only an illustration of a legal usufruct and was not. intended to be restrictive, because article 540, Rev.Civ.Code, does not create any usufruct and uses for illustrative purposes the usufruct created by Rev.Civ.Code, arts. 223, 224, 225 (formerly Civ.Code, arts. 239, 240, 241).
 

 It is also contended that article 540, Rev.Civ.Code, is applicable only to usufructs created by mere operation of law where a beneficiary does not have to take any legal steps or affirmative action to obtain the legal usufruct. There is nothing in the language of any of the articles to support this interpretation and it appears to us that all of the articles with reference to the usufruct contemplate legal recognition thereof in some form or other or action. This distinction, therefore, is not sound.
 

 Counsel for the defendant and interveners relies mainly upon the case of Conner v. Conner’s Adm’r & Heirs, 13 La.Ann. 157, where the court held that the legal usufruct dealt with in article 553, Civ.Code, now article 560, Rev.Civ.Code, is that usufruct referred to in Rev.Civ.Code, arts. 223, 224, 225, formerly Civ.Code arts. 239, 240, 241, and does not embrace the marital portion; and, hence, the surviving spouse, as usufructuary, was bound to give security to the heirs for the marital portion.
 

 In the Succession of Costa et al., 19 La. Ann. 14, the deceased died intestate, leaving a widow and six children and an estate consisting of' community property. The widow opened the succession, qualified as natural tutrix of her minor children, and availed herself of the provisions of an Act of the Legislature of March 25, 1844 (now article 916, Rev.Civ.Code) taking possession of the entire estate — half in her own right and holding the other undivided half in usufruct. Upon reaching their majority, some of the children instituted proceedings to require the mother, as usufructuary, to give security or bond, alleging waste of the property and citing in support of their position —Conner v. Conner’s Adm’r & Heirs, supra. While the court attempted to distinguish the Conner Case on the ground that the property involved was community property and not the deceased’s separate estate, as in the Conner Case, it overruled the basic
 
 *1095
 
 reason of the decision of the Conner Case to the effect that article 560, Rev.Civ.Code (formerly article 553, Civ.Code) applied only to the usufruct which the father and mother have of their children’s property during the marriage under articles 223, 224, 225, Rev.Civ.Code (formerly articles 239, 240, 241, Civ.Code). The court refused to follow that doctrine and decided specifically that article 560, Rev.Civ.Code (formerly article 553, Civ.Code) applied to the legal usufruct of community property (article 916, Rev.Civ.Code) and was not confined to the usufruct of the father and mother on property acquired by their children during their marriage.
 

 It is true that in discussing the Conner Case, the court observed the difference between separate property and community property. The fact that community property is the result of the common effort of husband and wife is no doubt one of the reasons for the Legislature establishing the legal usufruct in favor of the survivor. However, this is not the sole consideration, because issue must be left of the marriage. Rev.Civ.Code, art. 916. But the only reason for the legal usufruct being granted without bond or security is that the survivor is the father or the mother of the children whose property is made subject to the legal usufruct. Rev.Civ.Code, art. 560. The basis of the opinion, for holding that the legal usufruct of community property is granted without bond, was not the fact that the usufruct covered community property, for the court based its opinion on article 560, Rev. Civ.Code (formerly article 553, Civ.Code.) The court concluded that the legal usufruct of community property is effective during the life of the usufructuary, the sole condition being that the survivor loses that right by contracting a second marriage and that article 560, Rev.Civ.Code (formerly article 553, Civ.Code) dispenses the surviving spouse from giving bond.
 

 Article 916 of the Revised Civil Code gives a legal usufruct to the surviving parent when the deceased husband or wife shall have left issue of the marriage with the survivor and-shall not have disposed by last will and testament of his or her share in the community property. It provides that this usufruct shall last during his or her natural life, but shall cease whenever the survivor shall enter into a second marriage. There is no provision in this article for the giving of or dispensing with a bond by the surviving parent. Therefore, we must look to other articles in pari materia.
 

 Article 558, Rev.Civ.Code, requires security of all usufructuaries not controlled by article 560, Rev.Civ.Code, which provides that neither the father nor mother having the legal usufruct of the estate of their children is required to give security.
 

 It will be noticed that article 560, Rev.Civ.Code, does not confine its benefits to the legal usufruct of community property, or of any particular estate, but simply states that neither the father nor mother, having the legal usufruct of the estate of his or her minor children is required to give security. The only requirement is that the father or mother must be a parent of the children on whose property he or she is given the usufruct.
 

 Article 2382, Rev.Civ.Code, grants the marital portion or fourth in legal usu
 
 *1097
 
 fruct when the deceased parent left children. The children ma-y be issue of the deceased by a prior marriage or may be the offspring of the deceased and the surviving parent. If the children, whose property would be subject to this legal usufruct, are the children of the usufructuary and the deceased, then the question of bond is covered by Rev.Civ.Code, art. 560 and not by article 558, Rev.Civ.Code. The same rea-, soning applies to the legal usufruct created by article 3252, Rev.Civ.Code.
 

 In Succession of Tassin, 12 La.Ann. 885, referred to in the case of Conner v«. Conner’s Adm’r & Heirs, supra, the provisions of an Act of March 17, 1852, creating a usufruct for a widow and children of deceased persons was involved. This statute is now article 3252, Rev.Civ.Code. Under the decisions of this court, articles 2382 and 3252, of the Revised Civil Code are germane to each other, in pari materia, 'and have the same object and purpose, except that the first is applied in a rich succession and the latter in a poor succession. The district judge ordered the administrator to allow the surviving widow the usu- • fruct of $1,000.00 and to pay that amount to her without requiring security. The usufruct claimed and allowed was upon a sum of money belonging to the minor children of the Tassins by a former marriage. The court held that this was a legal usufruct established by operation of law; that the general rule was that all usufructuaries must give security, but that neither the father nor the mother having the legal usufruct of the estate of their children is required to give security. Citing Civ. Code, art. 553, now Rev.Civ.Code, art. 560. The court pointed out that as the widow did not leave any issue of her marriage with the deceased and that as the usufruct, which the law allowed to her was of money belonging to her husband’s minor children by a former marriage, she was not dispensed from giving bond by Civ.Code, art. 553, now article 560, Rev.Civ.Code. Of course, the converse is true for if the.children had been born of their marriage, the article would have applied.
 

 In the Succession of Hunter, 13 La.Ann. 257, decided one month later by the same court which rendered the decision in the Conner Case, it was held that as there were no descendants of the husband, the widow took her $1,000.00 under the provisions .of the homestead statute (now article 3252, Rev.Civ.Code), and was not obliged to give any security under article 553, Civ. Code (now Rev.Civ.Code, art. 560).
 

 . In the case of Corner v. Bourg, 26 La.Ann. 615, the widow claimed $1,000.00 under the homestead act (now article 3252, Rev.Civ.Code), and her claim was allowed but she was ordered to give security because there was a minor child of her deceased husband by a previous marriage. The court said: “As the plaintiff is not the mother of the minor, she is not dispensed by article 560 of the Revised Code from giving security for the usufruct of the money. Succession of Tassin, 12 La.Ann. 885.”
 

 This is equivalent to holding that if she had been the mother of the minor she would have been relieved by article 560, Rev.Civ. Code, from giving security.
 

 
 *1099
 
 In the case of Welsh v. Welsh, 41 La.Ann. 717, 6 So. 551, the surviving spouse claimed the widow’s homestead of $1,000.-00. Her deceased husband had been married twice, leaving two major children by his first marriage and no issue of the second marriage. The administrator was willing to grant the $1,000.00, but refused to pay over the money without bond. It was held that the $1,000.00 belonged to the widow and minor children, the usufruct to the widow and the ownership to the minors, and that in the absence of the minors, the widow took the ownership without bond. The court stated that she did not have to give security, because her deceased husband had left no minor children by either marriage. The court reviewed approvingly the decisions which hold that the widow who claims the homestead and who has the usufruct thereof, when there are minor children by a deceased husband by a former marriage, must give security and that she is relieved of giving bond when she is the mother of the children by deceased. See, also, Bolt v. Succession of Bolt, 19 La.App. 135, 138 So. 897.
 

 In Saunders’ Lectures on the Civil Code at page 52, we find:
 

 “Article 560 provides that the father and mother, or either of them, who has the administration of the child’s estate, and consequently the usufruct, are not required to give security. In other words, the father and mother, as usufructuary, are not required to give security, while every other usufructuary must give security.”
 

 It is well settled that the surviving spouse in community is not obliged to give bond as usufructuary of the community property inherited by his children, article 916, Rev.Civ.Code.; Speyrer’s Estate v. Thantan, 32 La.Ann. 1267; Succession of Glancy, 108 La. 414, 32 So. 356, and Succession of Glancey, 114 La. 1051, 1052, 38 So. 826; Maguire v. Maguire, 110 La. 279, 282, 34 So. 443; Mariana v. Eureka Homestead Society, 181 La. 125, 158 So. 642.
 

 In Canal Bank & Trust Co. v. Liuzza, 175 La. 53, 143 So. 2, the court said (page 4):-
 

 “It is true that neither the father nor mother having the legal usufruct of the estate of their children is required to give security, unless directed by will. Rev. Civ. Code, art. 560; Succession of Glancey, 114 La. 1051, 38 So. 826; Succession of Dielmann, 119 La. 101, 43 So. 972.”
 

 The above case again demonstrates the point that it is only by virtue of the provisions of article 560, Rev.Civ.Code (formerly article 553, Civ.Code) that the mother or father as usufructuary of their minor’s property is dispensed from giving bond, and not the fact that the property happened to be community property instead of a separate estate.
 

 It is significant that the Conner Case was decided in 1858 and the Costa Case in 1867. At that time both the French Text of our Code and article 601 of the Code Napoleon read: “that the father and mother * * * ”, while the English Text read “neither the father nor mother * * The Conner Case was apparently based upon the wording of the article and particularly the conjunction “and”, but, as we have seen funda- .
 
 *1101
 
 mentally the case is overruled and was not followed in the Costa Case. To set the matter at rest and, evidently, to confirm the Costa decision, article 560, Rev.Civ.Code (formerly article 553, Civ.Code) was amended and re-enacted by Act No. 87 of 1871 to read as it does now: “neither the father nor mother.”
 

 It is our opinion that the usufruct created in favor of the surviving spouse by article 2382, Rev.Civ.Code is a legal usufruct and the deceased wife leaving no issue by a prior marriage but only a child adopted by her and her husband is dispensed under article 560, Rev.Civ.Code (formerly article 553, Civ.Code) from giving security or bond.
 

 From what we have said and from the foregoing authorities it appears that Conner v. Conner’s Adm’r & Heirs, supra, and the case of Waring v. Zunts, 16 La.Ann. 49, which holds that the right of a widow to claim the usufruct of community property is coupled with the obligation to furnish security in favor of the heirs, are irreconcilable and in conflict with article 560, Rev.Civ.Code, and the jurisprudence of this State. These two decisions, therefore, cannot stand as authority and so far as the question at issue herein is concerned are overruled.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., does not take part