Speyrer vs. Thantan, Administratrix.

No. 1101.

ESTATE OF JOHN SPEYRER EX REL. A. ORTEGO ET AL., TUTORS ETC., VS. CLARA THANTAN, ADMINISTRATRIX.

32 1267
114 1052

32 1267
f119 115

The surviving widow in community, holding the share of her deceased consort in usufruct, under sect. 629, Rev. Sta., cannot be compelled to give security as usufructuary. Affirming decisions in Succession of Costa, 19 An., 14, and Boisse vs. Dickson, 31 An. 752.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *Hudspeth, J.*

Henry L. Garland for Appellant.

The surviving spouse in community, who claims the usufruct of the share of the community which would belong to the heirs of the deceased spouse, is bound to give security under the provisions of the article 558 C. C., in all cases, except when said surviving spouse has the legal usufruct in virtue of the article 223 C. C., or is the natural tutor or tutrix of the said heirs.

Lewis & Bro. for Administratrix, Appellee.

The opinion of the Court was delivered by

FENNER, J. L. Speyrer died leaving an estate belonging to the community between himself and his surviving spouse, Clara Thantan, and leaving issue of said marriage. The minors, represented by petitioners, as their tutors, are grandchildren of L. Speyrer and Clara Thantan and, as such, heirs by representation of the deceased.

Clara Thantan, the surviving widow in community, has qualified as administratrix of her deceased husband and holds possession of the entire community estate, the half of which belonging to the succession of her husband, she holds as usufructuary during her natural life or until her second marriage, under the provisions of section 629 Rev. Statutes.

Petitioners demand that she should give security as such usufructuary.

The question is no longer an open one. It has been twice decided that the usufruct of surviving husband or wife, under section 629 of the Rev. Statutes (embodying Act of March 25 of 1844), of the share inherited by their descendants, is a legal usufruct and not subject to the requirement of security, under article 560 Rev. Civil Code.

See Succession of Costa, 19 A. 14; Boisse vs. Dickson, 31 A. 752.

We have reviewed the reasoning of those decisions and see no reason to disturb them.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed, at appellant's costs.