O’NIELL, C. J.
This suit was dismissed on an exception of no cause of action, and the plaintiffs have appealed. They are the mother and brother and the half-sister of the deceased widow of George W. Bancker. The defendants are the mother 'and two sisters of the deceased, George W. Bancker, himself. He was married only seven months when he died, and his widow survived him only eight days. The plaintiffs are her heirs at law, and the defendants are his heirs at law. There were no descendant heirs of either Mr. or Mrs. Bancker, and neither of them left a will. His estate amounted to $14,850.37, being $14,463 of separate property and his half of $774.74 of community property. Mrs. Bancker had nothing except her half interest, worth $387.37, in the estate of the marital community. She did not, however, in her brief widowhood, avail herself of her right to take a fourth of the estate of her deceased husband, under article 2382 of the Civil Code, viz.:
“When the wife has not brought any dowry, or when what she has brought as a dowry is inconsiderable with respect to the condition of the husband, if either the husband or the wife die rich, leaving the survivor in necessitous *79 circumstances, the latter has a right to take out of the succession of the deceased what is called the marital portion; that is, the fourth of the succession in full property, if there be no children, and the same portion, in usufruct only, when there are but three or a smaller number of children; and if there be more than throe children, the surviving [spouse], whether husband or wife, shall receive only a child’s share in usufruct, and he is bound to include in this portion what has been left to him as a legacy by the husband or wife, who died first.”
The defendants had the succession of George W. Bancker opened by filing a petition to be recognized as his heirs and, as such, the owners of Jiis separate estate, in the proportion of one-fourth to his mother and three-eighths to each of his two sisters, and declaring the mother entitled also to a fourth of the community estate.- Plaintiffs alleged — and we assume it is true — that the mother and two sisters of the deceased, George W. Bancker, had possession of his estate when this suit was filed.
• It is not disputed that, according to the Act 80 of 1916, which was in, force when George W. Bancker died, his mother inherited one half and his widow inherited the other half of his share of the community estate. In that respect, the statute was not changed by the amendment and re-enactment in the Act 160 of 1920, which was enacted after Bancker had died. It is also conceded, of course, that the plaintiffs in this suit inherited the half interest of the widow of George W. Bancker in the community estate. The community property, therefore, amounting to only $774.74, is not in contest. The plaintiffs, in their petition, did not pra'-y for a judgment for any part of the community estate because the defendants, in their petition to be recognized as the heirs of George W. Bancker, had acknowledged that they were not entitled to any part of the community estate, except the fourth interest (amounting to $193.68%) inherited by his mother, under the Act 80 of 1916. The only judgment prayed for in plaintiffs’ petition was for the value of a fourth of the separate estate of the deceased, George W. Bancker.
Appellants contend that the widow of Bancker, being “in necessitous circumstances” at the time of his death, inherited the so-called marital portion, or fourth of his estate, and that they, appellants, as the widow’s heirs at law, inherited the marital portion from her.
On the contrary, this court has declared that the right granted by article 2382 of the Civil Code, to a widow or widower “in necessitous circumstances,” of a person who has died rich, “to take out of the succession of the deceased what is called the marital portion,” is-not a right of inheritance, but a right that is strictly personal, in the nature of a bounty, which, if the widow or widower does not take advantage of it while in necessitous circumstances, is forever lost. Such a right, if not exercised by the beneficiary, is not inherited by his or her heirs. The language of the article of the Code is hardly susceptible of any other meaning. In the Succession of Justus, 44 La. Ann. 724, 11 South. 98, Chief’Justice Bermudez, for the court, said, of the right granted by article 2382 of the Code:
“The right conferred by the article is in the nature of a charity or bounty, in favor of the. surviving consort left in penurious circumstances, which, to vest in him or her, must at least have been claimed when it could be done.
“It is a personal and optional right, which remains inchoate until accepted, and which lapses and dies away, and does not pass to the heirs of the survivor at his [or her] death, when not previously accepted by him or her.”
The decision quoted was referred to with approval in Dupuy v. Dupuy, 52 La. Ann. 872, 27 South. 287, and in Richard v. Lazard, 108 La. 544, 32 South. 559. To the same effect was the ruling in Succession of Kunemann, 115 La. 604, 39 South. 702.
The judgment is affirmed, at appellants’ cost.