14 So.2d 815

**HARTFORD ACCIDENT & INDEMNITY
CO. v. ABDALLA et al.**

No. 36985.

June 21, 1943.

Rehearing Denied July 13, 1943.

Robert R. Stone, of Lake Charles, for defendant and appellant.

Thomas F. Porter, of Lake Charles, for plaintiff and appellee.

ROGERS, Justice.

The Hartford Accident & Indemnity Company brought this suit to cancel a certain indemnity bond executed by plaintiff on March 24, 1931, in favor of James J. Abdalla, Fred Abdalla, Amelia Abdalla, and Abraham Abdalla, Jr., a minor represented by his testamentary trustee and dative tutor. The principal on the bond is Mrs. Nazera Hage Abdalla, widow of Abraham Abdalla, now the wife of Abe Macey.

The bond was executed by Mrs. Nazera Hage Abdalla, now Mrs. Macey, in favor of the above named obligees as usufructuary of certain real and personal property valued at $5,500, which was selected and set aside to her in usufruct out of the Succession of Abraham Abdalla, her deceased husband. The usufruct was created by a compromise agreement entered into on March 24, 1931, between Mrs. Nazera Hage Abdalla and the four children of Abraham Abdalla, pursuant to a judgment of the Fourteenth Judicial District Court of the Parish of Calcasieu, rendered and signed on March 21, 1931. The compromise agreement, which was entered into in writing, provided that Mrs. Abdalla, now Mrs. Macey, was to furnish a surety bond in the sum of $3,800.

In this suit the Hartford Accident & Indemnity Company, which signed the bond as surety, seeks to be released from any further obligation on the bond for the reason that plaintiff fears that Mrs. Abdalla, now Mrs. Macey, the principal on the bond, will, in the future, violate her obligations as usufructuary, thereby causing plaintiff a financial loss. Mrs. Macey, the principal on the bond and all the obligees were impleaded as defendants.

The trustee and dative tutor of the minor, Abraham Abdalla, Jr., and Mrs. Nazera Hage Abdalla, now Mrs. Macey, filed exceptions of no right and no cause of action. These exceptions were heard and overruled. Mrs. Macey then filed her answer, in which she alleged that the bond is a statutory and continuing bond and that there is no law authorizing its cancellation. None of the other defendants filed an answer and a preliminary judgment by default was entered against them.

The case, as between the plaintiff and the defendant, Mrs. Macey, was tried on its merits and, as to the other defendants, was called on confirmation of default. The judge, confirming the default and holding against the defendant, Mrs. Macey, on the merits, rendered a judgment in favor of plaintiff and against all the defendants cancelling the bond, except as to any liability which may have arisen thereunder prior to the date of the judgment.

Mrs. Nazera Hage Macey has alone appealed from the judgment.

It appears from the record that Abraham Abdalla, the former husband of Mrs.

Nazera Hage Macey, died leaving a considerable estate and three children of a former marriage. He also left one child, Abraham Abdalla, Jr., a minor, issue of his marriage to his surviving widow, now Mrs. Macey. The four children of Abraham Abdalla were recognized by judgment rendered by the district court in his succession as owners, in equal undivided proportions, of all the property belonging to the succession. Mrs. Macey made demand to be recognized as the widow in necessitous circumstances and, as such, entitled to a child's share in usufruct. Civil Code, art. 2382. After she filed suit to enforce her demand, a compromise agreement was entered into between Mrs. Macey and the children and heirs of Abraham Abdalla. In this agreement, Mrs. Macey agreed to accept, in full settlement of all her rights and claims, certain described real and personal property in usufruct out of the succession of her deceased husband, which property was valued at $5,500. It was provided in the compromise agreement that Mrs. Macey, as usufructuary, would furnish a surety company bond in the sum of $3,800. The agreement was approved by a judgment of the district court in the succession proceeding and Mrs. Macey was directed by the judgment to furnish the bond as provided in the agreement. Accordingly, the bond was executed by Mrs. Nazera Hage Abdalla, now Mrs. Macey, as principal, and the Hartford Accident & Indemnity Company, as surety.

On December 2, 1936, the three children of Abraham Abdalla, by his former marriage brought suit against Mrs. Macey and the surety company to destitute Mrs. Macey of her usufruct and to recover a large amount in damages from the usufructuary and the surety company for alleged wastes committed on the property by the usufructuary and for her failure to make the necessary and ordinary repairs to the property. Thereafter this suit was brought by the surety company to cancel the bond.

Plaintiff in its petition alleges, among other things, that in her written application for the bond Mrs. Macey made the following agreement as a condition precedent for the issuance of the bond, to-wit:

"That the undersigned (Mrs. Abdalla, now Mrs. Macey) will, on request of the Surety, procure the Surety's discharge from liability under said bond, and the Surety shall, at its option, have the right to use the undersigned's name, and to all rights and privileges of the undersigned, and, at any time, shall have the right to be discharged from liability for the further default of the undersigned, and to require the undersigned to account and give new surety or sureties."

The defendant, in her answer, admitted that she signed the above agreement as a condition precedent for the execution of the bond by the plaintiff and that the bond itself was furnished by her pursuant to the compromise agreement entered into between her and the heirs of her deceased husband. Notwithstanding these admissions in her answer, the defendant contends that the bond is a judicial bond, executed by her as usufructuary in compliance with statutory law and that, as

such, it is a continuing bond which is not subject to cancellation.

Defendant refers to Article 2382 of the Civil Code, which provides that the surviving spouse in necessitous circumstances is entitled to a marital portion of one-fourth of the succession in full property, if there be no children, and the same portion, in usufruct only, if there are but three or a smaller number of children; and if there be more than three children, she shall receive only a child's share in usufruct. Defendant relies on Articles 558 and 559 of the Civil Code in support of the contention that the bond is a judicial and not a contractual bond.

The first paragraph of Article 540 of the Civil Code provides: "The usufruct may be established by all sorts of titles; by a deed of sale, by a marriage contract, by donation, *compromise,* exchange, last will and even by operation of law." (Writer's italics.)

■ The usufructs established by the operation of law have been considered legal usufructs. Estate of Speyrer's Estate v. Thantan, 32 La.Ann. 1267; Succession of Glancey, 114 La. 1051, 38 So. 826. It has been held that Article 3252 of the Civil Code, providing for the so-called widow's homestead, establishes a legal usufruct. Succession of Tassin, 12 La.Ann. 885. From which it follows that the usufruct created by Article 2382 is likewise a legal usufruct, for the two articles are in pari materia and subject to the same rules of interpretation. Veillon v. Lafleur's Estate, 162 La. 214, 110 So. 326. And in Taylor v. Taylor, 189 La. 1084, 181 So. 543, it was

expressly held that the usufruct created by Article 2382 of the Civil Code is a legal usufruct.

There can be no question that the usufruct enjoyed by Mrs. Macey was not a legal usufruct. It was created by a compromise agreement and not by the operation of law.

If a usufruct is created by agreement, and the usufructuary is not dispensed from giving bond, the law requires a bond. Civil Code, art. 558. But the parties creating a usufruct by contract may, by express agreement, dispense the usufructuary from giving a bond. Civil Code, art. 559.

■ Where a usufruct is created by contract, as it was in this case, the parties may require a bond, either expressly or by failing to mention a bond in the contract. Where no mention is made of a bond creating the usufruct, the law requires a bond equal to the "estimated value of the movables subject to the usufruct, according to the inventory, and such further sum as shall be fixed by the judge according to the nature of the immovable property subject to the usufruct." Civil Code, art. 559.

■ It seems almost too plain for argument that where the parties create a usufruct by contract, as they did in this case, they may dispense with the bond entirely, or they may require any type of bond they may agree upon.

■ In creating the usufruct involved in this case, the bond was not fixed according to any inventory, or by the judge. The parties, by their compromise agreement,

created the usufruct and by the same agreement fixed the amount and character of the bond. This being true it refutes defendant's contention that the usufruct enjoyed by her was a usufruct created by law, or that the bond given by the usufructuary was a judicial bond, not subject to cancellation.

■ The judgment in this case was rendered not only against Mrs. Macey, the principal on the bond, but it was also rendered against the parties in whose favor the bond was made. None of these parties. has appealed from the judgment. Since the obligees named in the bond appear to be satisfied with the judgment, Mrs. Macey can not be heard to champion any rights that are purely personal to them. Neither the general public nor any creditors are interested in the bond sought to be cancelled and, as stated, the obligees in the bond are making no objection to its cancellation. The only parties interested in this suit are the defendant, Mrs. Macey, the principal on the bond, and the plaintiff, the surety on the bond. And so far as Mrs. Macey is concerned, she expressly agreed that the surety company might cancel the bond at any time. This agreement is embodied in the written application made by Mrs. Macey for the bond and formed a part of the consideration therefor.

■ Since there is pending a suit brought by some of the obligees named in the bond to recover damages from the usufructuary and the surety on the bond, and since the plaintiff, the surety on the bond, has alleged that it fears the usufructuary will, in the future, violate her ob-

ligations as usufructuary and cause plaintiff a financial loss, plaintiff is justified in asking that the bond be cancelled.

For the reasons assigned, the judgment appealed from is affirmed.