SCHOTT, Judge.
These consolidated cases involve a claim by the surviving spouse for the marital portion as provided by LSA-C.C. Art. 2382.
Decedent died on December 14,1975, having had no children. He and his surviving spouse had entered into a pre-nuptial marriage contract prior to their marriage in 1941 so that there was no community property. Decedent, in his last will and testament, bequeathed to the widow the use and habitation of the family home in New Orleans, ownership of the contents thereof along with the automobiles and an income from a trust in the amount of $1300 per month. The net value of decedent’s estate is approximately $1,500,000.
In May, 1976, the widow was interdicted and her property was inventoried at about $41,000. In October, 1976, her curatrix filed a petition for authority to renounce the succession of the decedent and to demand the marital portion under Art. 2382. This proceeding was conducted contradictorily with a special curator for the interdict, and on November 5, 1976, the trial court granted the relief sought by the curatrix. Pursuant thereto on November 9, 1976, the curatrix made a formal renunciation of the succession by act before a notary public in which he specifically reserved her right to claim the marital portion. From the judgment the special curator had taken an appeal.
In February, 1977, the executor filed a petition for a declaratory judgment, contesting the validity of the renunciation with the reservation of the right to claim the marital portion and raising the issues that if the interdict is entitled to the marital portion it should be reduced by the value of the legacy and by the value of the property owned by her at the time of her husband’s death. The curatrix filed a reconventional demand asking for a decree that the renunciation was valid so that interdict was entitled to the marital portion without reduction by the amount of the legacy or by the value of the property owned by the interdict at the time of her husband’s death. *590 The trial court in June, 1977, decreed that the act of renunciation was a valid renunciation, the right to claim the marital portion was reserved to the surviving spouse, the marital portion was not reduced by the amount of the legacy renounced, and the marital portion was reduced by the value of the separate property owned by the surviving spouse at the time of his death. From this judgment, the executor has taken an appeal but the curatrix has not appealed or answered the appeal.[1]
In reasons for judgment the trial judge framed the issues and disposed of them properly. We quote from those reasons and make them a part of this opinion:
“The executor for the estate contends that the attempted renunciation of the legacy by the surviving spouse was invalid as either a partial or conditional renunciation of the succession. In the act of renunciation by the curatrix of the surviving spouse, the succession was expressly and formally renounced, while reserving ‘all rights of the said interdict to the marital one-fourth as provided for in C.O. [C.C.] 2382.’ Every heir or legatee of a succession has an absolute right to accept or renounce the succession. C.C. 977. However, the Code further provides that a succession cannot be accepted or renounced in part (C.C. 986), nor can a renunciation be made conditionally (C.C. 1016). This is clear, so the question becomes whether an assertion of rights under C.C. 2382 is an acceptance or renunciation of a succession.
“The marital portion provided for in C.C. 2382 is not a bequest or inheritance. Succession of Henry, 287 So.2d 214 (3d Cir. 1973). Rather, it is considered as one of the civil effects flowing from marriage. Smith v. Smith, 43 La.Ann. 1140, 10 So. 248 (1891). It appears in the Code not under Title I, Book III — of Successions, but under Title VI, Book III — Of The Marriage Contract, and of the Respective Rights of the Parties in Relation to Their Property. Thus, although the marital portion may be an ‘interest’ in the succession, it is not a legacy which must be accepted or renounced with the succession, and the renunciation here cannot be considered a ‘partial’ renunciation. Neither can the renunciation be considered conditional because the renunciation of the legacy was complete and not contingent upon a determination that the surviving spouse is entitled to the marital portion. Should it be determined that decedent did not ‘die rich’ and/or that surviving spouse is not in ‘necessitous circumstances,’ there is no right to a revival of the legacy provided for in the testament.
“C.C. 2382 provides that ‘he is bound to include in this portion what has been left to him as a legacy by the husband or wife who died first.’ It has been held from a reading of this provision that ‘it is contemplated that one will accept his bequests and later deduct these in making up the one-fourth portion.’ Succession of Henry, 287 So.2d 214 (3rd Cir. 1973). From this, the executor argues that necessarily the value of the legacy to the surviving spouse must be deducted in computing any marital one-fourth. This would clearly be the case if the legacy here had been accepted. But since the legacy was renounced, it is considered as never having been received, C.C. 946. Never having been a legatee, there is no legacy to be included in computing the material portion. The result would be different if the marital portion were considered to be a succession right, but it is a marital right which must be considered independently.”
In this court the executor has renewed his contention that the surviving spouse’s claim to the marital portion is an inheritance so that the renunciation of the succession without renunciation of her claim to the marital portion constitutes a conditional renunciation and is thereby stricken with invalidity, C.C. Arts. 986, 1016. He relies on Succession of Piffet, 39 La.Ann. 556, 2 So. 210 (1887). While we agree with the executor that the language of the Supreme *591 Court in that cited case treated the marital portion as an inheritance we have concluded that that language has been repudiated by the Supreme Court in later decisions, and as found by the trial judge the claim for the marital portion is not a bequest or an inheritance but is rather one of the civil effects flowing from marriage. Smith v. Smith, 43 La.Ann. 1140, 10 So. 248 (1891), Succession of Justus, 44 La.Ann. 721, 11 So. 95 (1892), Succession of Bancker, 154 La. 77, 97 So. 321 (1923), Malone v. Cannon, 215 La. 939, 41 So.2d 837 (1949).
Furthermore, we agree with the trial court that the language of Art. 2382 providing for a reduction from the marital portion of the amount of any legacy left to the surviving spouse has no application to this case where the legacy was renounced, since it is considered as having never been received under these circumstances. C.C. Art. 946.
We have concluded that both judgments appealed from are affirmed with all costs, including the cost of this appeal to be paid by the executor.
AFFIRMED.

. Because of the issue of the reduction of the marital portion by the amount of the surviving spouse’s property was decided in the executor’s favor that issue is not before us on appeal. C.C.P. Art. 2133.