363 So.2d 706 (1978)
Succession of Alvin P. LICHTENTAG.
Interdiction of Mrs. Nolia E. Langenbecker, widow of Alvin P. Lichtentag.
No. 62002.
Supreme Court of Louisiana.
October 9, 1978.
Rehearing Denied November 9, 1978.
*707 Barry F. Viosca, New Orleans, for plaintiff-applicant, Robert Alexander Katz.
James S. Quinlivan, Jr., Jefferson, Gerard R. Kehoe, River Ridge, for Mrs. Edwin Dupuy, Curatrix of the Interdict.
MARCUS, Justice.
Alvin P. Lichtentag died testate on December 14, 1975, leaving neither descendants nor ascendants and was survived by his wife, Nolia E. Langenbecker. Prior to marriage, decedent and his wife entered into a marriage contract (duly recorded) in which they agreed that there would be no community of acquets and gains existing between them. Succession proceedings were opened in the district court. Decedent's olographic will dated August 1, 1968, and codicils dated November 9, 1968, and April 6, 1975, were duly probated, and Robert A. Katz was confirmed as testamentary executor. According to sworn descriptive list filed in succession proceedings, the net value of decedent's estate is approximately $1,400,000.
Under the terms of his testament, decedent left his wife the usufruct of the family home for the remainder of her life, or until remarriage, or failure to occupy the property as her home. In addition, decedent left his wife all of the contents, appurtenances, and personal property located in the home, together with his automobile and jewelry. The balance of his estate was placed in a usufructuary trust and the usufruct of the income of the trust was bequeathed to his wife. The testamentary executor, Katz, was named trustee and directed to distribute funds out of the usufructuary trust account to Mrs. Lichtentag in a sum not to exceed $1,300 per month, unless an emergency arises or as the trustee in his discretion deems necessary.
Mrs. Lichtentag filed a petition in the succession proceedings alleging that her husband died "rich" and that she, as surviving spouse, was entitled to the marital portion authorized by La. Civil Code art. 2382.[1] *708 As decedent left no children, Mrs. Lichtentag contended that she was entitled to a fourth of the succession in full property. Subsequent to the filing of this petition, Mrs. Lichtentag was interdicted and her sister, Mrs. Edwina Dupuy, was named curatrix. On motion of Mrs. Dupuy, she was substituted as party plaintiff in Mrs. Lichtentag's suit. By supplemental and amended petition, the curatrix reiterated the original demand for the marital portion and also alleged that Mrs. Lichtentag was left in necessitous circumstances (an inventory of Mrs. Lichtentag's estate revealed that she owned property valued at approximately $40,000 at the time of her interdiction).
Meanwhile, in the interdiction proceedings, the curatrix filed a petition for authority to renounce the succession of decedent, reserving all rights to the marital portion under article 2382 of the civil code. This proceeding was conducted contradictorily with a special curator appointed for the interdict. The trial court granted the relief sought by the curatrix. Pursuant thereto, the curatrix made a formal renunciation of the succession in which she specifically reserved a right to claim the marital portion. The special curator appealed.
Thereafter, in the succession proceedings, the testamentary executor filed a petition for declaratory judgment to determine the effect of the wife's renunciation and reservation of the right to claim the marital portion. The curatrix filed an answer and reconventional demand contending that the renunciation was valid and that the interdict was entitled to the marital portion without the value of the renounced legacy or the value of the property owned by the wife at the time of the husband's death being included in or reducing the marital portion. The trial court found that the renunciation filed on behalf of the surviving spouse was a valid renunciation of the legacy and that this renunciation was not a renunciation of her right, if any, to the marital portion. In addition, the court held that the marital portion was reduced by the amount of separate property owned by the wife as of the date of her husband's death, but not reduced by the amount of the legacy that was renounced. The testamentary executor appealed.
The appeals taken by the special curator and testamentary executor were consolidated in the court of appeal. Since the curatrix did not appeal from the declaratory judgment nor answer the appeal taken by the executor, the issue of the reduction of the marital portion by the amount of the surviving spouse's separate property, decided in the executor's favor in the trial court, was not before the court of appeal.
The court of appeal first concluded that the renunciation of the legacy, with a reservation of the right to claim the marital portion, was not a conditional renunciation or partial acceptance of the decedent's succession in violation of La. Civil Code arts. 986 and 1016.[2] The appellate court agreed with the trial court that the marital portion was not an inheritance. Thus, the court reasoned that the marital portion is not a legacy which must be accepted or renounced with the succession. The court further found that the language of article 2382, providing that the survivor is bound to include in the marital portion what has been left to him as a legacy by the husband or wife who died first, does not apply to the situation where the legacy is renounced because, under La. Civil Code art. 946,[3] a *709 legatee who renounces is considered as never having received the legacy.[4] On the executor's application, we granted a writ to review the correctness of this decision.[5]
Two issues are presented for our resolution: (1) whether a surviving spouse can renounce the legacy of the decedent spouse and retain the right to the marital portion under article 2382 of the civil code; and (2) if so, whether the value of the renounced legacy must be included in determining the value of the marital portion.
We first address the issue as to whether the surviving spouse can renounce the legacy and still retain the right to claim the marital portion.
The position of an article in the civil code is an important consideration in its interpretation and application. Reymond v. State, Dept. of Highways, 255 La. 425, 231 So.2d 375 (1970). Article 2382, the codal source of the surviving spouse's right to claim the marital portion, is located in the civil code in Title VI of Book III under the heading, "Of the Marriage Contract, and of the Respective Rights of the Parties in Relation to their Property." Title I of Book III is that section of our code which relates to successions: testamentary, legal, and irregular. We consider that the placement of article 2382 in the section of our code dealing with the marital relationship to be persuasive evidence of the fact that the redactors of the code did not consider the marital portion as an inheritance devolving upon the surviving spouse.[6] Our jurisprudence reinforces this view.
The right to claim the marital portion derives from the mutual marital obligations enunciated in La. Civil Code arts. 119 and 120,[7] and particularly those of fidelity, support, and assistance. Malore v. Cannon, 215 La. 939, 41 So.2d 837 (1949). Our courts have referred to the marital portion as a bounty bestowed by law and as one of the civil effects flowing from the marriage. Succession of Justus, 44 La.Ann. 721, 11 So. 95 (1892); Smith v. Smith, 43 La.Ann. 1140, 10 So. 248 (1891). In Succession of Justus, supra, this court discussed the nature of the surviving spouse's right to claim the marital portion:
The right conferred by the article [2382] is in nature of a charity or bounty in favor of the surviving consort left in penurious circumstances . . . . The fourth is given in honor of the past marriage, that the survivor be retained in the previous accustomed rank and condition. It is a gift. It is not a donation by the deceased but one by the sovereign, acting in the place of the unwilling, hindered, or ignorant defunct spouse.

44 La.Ann. at 724, 11 So. at 96 (emphasis added). It is thus apparent that the right to claim the marital portion carries out the equitable intention of our law to provide a measure of financial security for the surviving spouse left in "necessitous circumstances" at the death of the "rich" deceased spouse. See Dupuy v. Dupuy, 52 La.Ann. 869, 27 So. 287 (1899) (on rehearing).
*710 The effect of article 2382 is to provide, in certain circumstances, for the acquisition of property out of the succession of the deceased spouse. We note that our code provides that the ownership of things or property may only be acquired "by inheritance either legal or testamentary, by the effect of obligations, and by the operation of law." La. Civil Code art. 870. It is our opinion that the marital portion is a benefit conferred upon the surviving spouse by operation of law, acting in place of the deceased spouse. See Succession of Kunemann, 115 La. 604, 39 So. 702 (1905). The surviving spouse does not acquire the marital portion by inheritance either legal or testamentary. We agree with the court of appeal that language used in Succession of Piffet, 39 La.Ann. 556, 2 So. 210 (1887) denoting the marital portion as an inheritance, misstated the nature of the right.
In sum, the marital portion is not an inheritance which must be accepted or renounced with the succession. Hence, articles 986 and 1016, prohibiting conditional renunciation or partial acceptance of successions, have no application here. Accordingly, we conclude that Mrs. Lichtentag can renounce her legacy and still claim her right, if any, to the marital portion.
We must next determine whether the value of the renounced legacy must be included in the marital portion claimed by the surviving spouse.
Article 2382 provides that the surviving spouse who claims the marital portion "is bound to include in this portion what has been left to him as a legacy by the husband or wife, who died first." The jurisprudence interpreting this article has held that the surviving spouse who accepts a legacy must include the value of that legacy in the determination of the value of the marital portion. Succession of Piffet, supra; Melancon's Widow v. His Executor, 6 La. 105 (1833). However, the issue as to whether the value of a renounced legacy must be included in the marital portion is res novo in Louisiana.
In Succession of Guillon, 150 La. 587, 91 So. 53 (1922) (on rehearing), this court held that the language of article 2382 is plain and free from ambiguity, and cannot be disregarded under the pretext of pursuing its spirit, citing La. Civil Code art. 13. We also note that the words of a code article are to be understood in their most usual signification and terms of art or technical terms and phrases are to be interpreted according to their received meaning and acceptation with the learned in the art, trade, or profession to which they refer. La. Civil Code arts. 14 and 15.
Applying these rules of interpretation to the language of article 2382, we consider that the word "legacy" as used in the article connotes a direct disposition which the testator makes for the benefit of one or more persons, either of the whole or a portion of his estate, or of some particular thing. See La. Civil Code arts. 1605, 1606, 1612 and 1625.[8] To include within the meaning the word "legacy" an acceptance of such legacy would be to disregard the letter of the law as it appears before us. If the redactors of the code had intended that *711 the legacy must be accepted by the surviving spouse before its value was to be included in the marital portion, we believe they would have used express language to that effect.
We are strengthened in our interpretation of the word "legacy" as it appears in article 2382 by the policy of the law that underlies the marital portion doctrine. As stated earlier in this opinion, the marital portion doctrine derives from the mutual marital obligations of fidelity, support and assistance. Malone v. Cannon, supra. It is apparent that whatever legacy a deceased spouse leaves the surviving spouse is, whether eventually accepted or renounced, at least a partial compliance with the obligation to provide created by the pre-existing marital relationship. Article 2382, on the other hand, contemplates that the decedent spouse has to some degree left unfulfilled his marital obligation to provide. In the instant case, the terms of the testament indicate that decedent intended to provide some financial support for his surviving wife. Hence, to hold that the value of the legacy renounced by Mrs. Lichtentag is not to be included in the marital portion claimed by her would be to disregard the spirit as well as the letter of article 2382.
In sum, we consider that, even though a surviving spouse renounces a legacy left to her by the decedent spouse, the value of that renounced legacy must be included in the calculation of the marital portion. Accordingly, the court of appeal erred in holding that the language of article 2382 providing for a reduction from the marital portion of the amount of any legacy left to the surviving spouse has no application when the legacy is renounced.
La. Civil Code art. 1031 provides in pertinent part:
So long as the prescription of the right of accepting is not acquired against the heirs who have renounced, they have the faculty still to accept the succession, if it has not been accepted by other heirs, without prejudice, however, to rights which may have been acquired by third persons upon the property of the succession, either by prescription, or by lawful acts done with the administrator or curator of the vacant estate.
Our review of the record indicates that apparently there has been no acceptance of this succession by the other legatees under the testament. In such an event and since prescription has not run on Mrs. Lichtentag's right to accept her legacy, she would still have the faculty to withdraw her renunciation and accept the legacy. La. Civil Code arts. 1030, 1031.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it held that the value of the renounced legacy is not included in the marital portion claimed by Mrs. Lichtentag. The judgment of the court of appeal is affirmed insofar as it held that Mrs. Lichtentag could renounce the legacy under the testament and still claim her right, if any, to the marital portion.
NOTES
[1] La. Civil Code art. 2382 provides:

If either the husband or the wife die rich, leaving the survivor in necessitous circumstances, the latter has a right to take out of the succession of the deceased what is called the marital portion; that is, the fourth of the succession in full property, if there be no children, and the same portion, in usufruct only, when there are but three or a smaller number of children; and if there be more than three children, the surviving, whether husband or wife, shall receive only a child's share in usufruct, and he is bound to include in this portion what has been left to him as a legacy by the husband or wife, who died first.
Whenever, during the administration of any succession, it appears that the surviving spouse will be entitled to the marital portion above provided for, upon final liquidation of the estate of the deceased, the survivor in necessitous circumstances shall be entitled to demand and receive from the executor or administrator of such succession, a periodical allowance to be fixed by the court wherein the proceedings are pending. Should the marital portion, as finally fixed, not be equal to the allowance as fixed by the court, the surviving spouse shall be charged with the amount of such deficiency.
[2] La. Civil Code art. 986 provides:

He who has the power of accepting the entire succession, cannot divide and only accept a part.
La. Civil Code art. 1016 provides:
A succession can neither be accepted nor rejected conditionally.
[3] La. Civil Code art. 946 provides:

Though the succession be acquired by the heir from the moment of the death of the deceased, his right is in suspense, until he decide whether he accepts or rejects it.
If the heir accept, he is considered as having succeeded to the deceased from the moment of his death; if he rejects it, he is considered as never having received it.
[4] 355 So.2d 588 (La.App. 4th Cir. 1978).
[5] 357 So.2d 1159 (La.1978).
[6] The marital portion doctrine became a part of the law of Louisiana through article 55 of the Civil Code of 1808, and was derived, in part, from Book 6, Title 13, Law 7 of Las Siete Partidas. See Malone v. Cannon, 215 La. 939, 41 So.2d 837 (1949); Dunbar v. Heirs of Dunbar, 5 La.Ann. 158 (La.1850). Las Siete Partidas specifically states that the surviving wife "inherits" the marital portion. We note that the redactors of our code chose to say the survivor, whether husband or wife, "has a right to take out of the succession" the marital portion. This change of language further negates the implication that the marital portion was intended as an inheritance.
[7] La. Civil Code art. 119 provides:

The husband and wife owe to each other mutually, fidelity, support and assistance.
La. Civil Code art. 120 provides:
The wife is bound to live with her husband and to follow him wherever he chooses to reside; the husband is obliged to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition.
[8] These code articles provide:

La. Civil Code art. 1605
Testamentary dispositions are either universal, under a universal title, or under a particular title.
Each of these dispositions, whether it be made under the name of institution of heir, or under the name of legacy, shall have its effect, according to the rules hereafter established for universal legacies, for legacies under a universal title, and for particular legacies.
La. Civil Code art. 1606
A universal legacy is a testamentary disposition, by which the testator gives to one or several persons the whole of the property which he leaves at his decease.
La. Civil Code art. 1612
The legacy, under a universal title, is that by which a testator bequeaths a certain proportion of the effects of which the law permits him to dispose, as a half, a third, or all his immovables, or all his movables, or a fixed proportion of all his immovables or of all his movables.
La. Civil Code art. 1625
Every legacy, not included in the definition before given of universal legacies and legacies under a universal title, is a legacy under a particular title.