631 So.2d 647 (1994)
SUCCESSION OF Charles Lafayette MULLIN, Plaintiff-Appellee,
v.
Rose Salmons MULLIN, Defendant-Appellant.
No. 93-758.
Court of Appeal of Louisiana, Third Circuit.
February 2, 1994.
*648 Thomas P. Quirk, Lake Charles, for Charles L. Mullin Sr. (Succession of).
James Edward Burks, Lake Charles, for Rose Salmons Mullin.
Frank Alton Granger, Lake Charles, for Lori Reeves and Mark Touchton.
Before DOUCET and KNOLL, JJ., and CULPEPPER,[*] J. Pro Tem.
KNOLL, Judge.
This case involves a surviving spouse's entitlement to a marital portion under LSA-C.C. Art. 2432. Charles Mullin died testate and was survived by four major children, none of whom were children of his marriage to Rose S. Mullin, his wife at the time of his death. After Mr. Mullin's succession was opened and while it was under administration, Mrs. Mullin petitioned the trial court for a marital portion. After a trial on the merits, the trial court determined that Mrs. Mullin was not entitled to a marital portion because she failed to prove that she was in necessitous circumstances. The trial court further found her legacies consisting of $50,000 and a usufruct over her deceased husband's one-half interest in the family home, exceeded whatever amount she would receive as the marital portion.
Mrs. Mullin appeals, contending that the trial court erred in finding that she failed to *649 prove that she was in necessitous circumstances. She further urges that in the assessment of her eligibility for the marital portion, the value of her legacies should not be deducted from the marital portion award. We reverse and remand.

FACTS
Charles L. Mullin, Sr. died testate on August 18, 1991. He was survived by Mrs. Mullin and four children, Michael, Mark, Charles and Lori.
Mr. Mullin bequeathed a 1/8 interest in his gross estate each to Michael, Mark, Charles, and Lori. He further left $50,000 to Mrs. Mullin, together with the usufruct of his onehalf interest in the dwelling, furnishings, and property located at 2306 Tenth Street, Lake Charles, Louisiana; the other one-half interest was owned by Mr. Mullin's divorced wife. Mr. Mullin provided that if his estate was diminished to the extent that he could not give Mrs. Mullin the $50,000 in cash, that the amount of her legacy be reduced to the disposable portion of his estate. Mr. Mullin further provided that the remainder of the disposable portion of his estate be divided between Charles and Lori in the proportion of ¾ to Charles and ¼ to Lori. Mr. Mullin left a net estate valued at $385,128.79.

MARITAL PORTION
Mrs. Mullin contends that the trial court erred in finding that she was not entitled to the marital portion.
LSA-C.C. Art. 2432 provides:
"When a spouse dies rich in comparison with the surviving spouse, the surviving spouse is entitled to claim the marital portion from the succession of the deceased spouse."
LSA-C.C. Art. 2432, comment (c) points out that whether one spouse dies "rich" in comparison to the other is relative. The time for making this determination is the date of death of the spouse. Succession of Monroe, 494 So.2d 336 (La.App. 4th Cir.1986), writ denied, 498 So.2d 16 (La.1986). In making this determination, neither the future earning capacity of the surviving spouse nor support she may expect from children are to be considered patrimonial assets. Succession of Thumfart, 289 So.2d 850 (La.App. 4th Cir. 1974); Dupuy v. Dupuy, 52 La.Ann. 869, 27 So. 287 (La.1899). Although there is no bright line test to guide the courts in comparing the relative wealth of the two estates, at least one appellate court has recognized that "five to one" is the minimal ratio which will be considered. Smitherman v. Smitherman, 240 So.2d 6 (La.App. 2nd Cir.1970).
After carefully reviewing the trial court's oral reasons in the case sub judice, it is clear that it applied an incorrect standard. The trial court stated in its oral reasons for judgment, "Our jurisprudence indicates that that particular article [C.C. Art. 2432] and background thereof was for the sole purpose of protecting surviving spouses from being left destitute and in necessitous circumstances at the death of their husband." Following that statement, the trial court then examined the evidence and concluded:
"[A]t the death of Mr. Mullin, Mrs. Mullin is in a position that she can and did obtain employment; however, that was not considered in the value of the estate. The Court does find though that it would be necessary for her to show that she was in necessitous circumstances ... and she was not left so at the time of Mr. Mullin's death."
Prior to 1979, LSA-C.C. Art. 2382 of 1870, et seq. controlled the surviving spouse's entitlement to the marital portion. In 1979 Article 2382 was revised and redesignated as LSA-C.C. Art. 2432. In new Art. 2432, the reference in earlier Art. 2382 to a surviving spouse being left in necessitous circumstances was deleted. In our view, this deletion clarified the prior jurisprudence which had incorrectly read Art. 2382 (former) and LSA-C.C. Art. 3252 (the widow's privilege) in pari materiae. See, Veillon v. Lafleur's Estate, 162 La. 214, 110 So. 326 (1926), and Compare, Malone v. Cannon, 215 La. 939, 962, 41 So.2d 837 (1949). Instead, as recognized earlier herein, the status for entitlement to the marital portion was returned to a determination reached "... on a relative basis by comparison with the decedent's estate." Id. 41 So.2d at 841. Accordingly, we find that the trial court erred as a matter of *650 law when it analyzed Mrs. Mullin's entitlement to a marital portion under a necessitous circumstances standard.
In the case sub judice, Mrs. Mullin testified that her patrimonial assets at the time of Mr. Mullin's death totaled $9,856.58. Comparatively, Mr. Mullin's gross assets at the time of his death were valued at $385,128.99. Thus, based on the valuation of the assets of these two patrimonies, it is clear that Mr. Mullin died rich in comparison to Mrs. Mullin. Accordingly, Mrs. Mullin was entitled to receive the marital portion.
In the present case, Mr. Mullin died, leaving four children. LSA-C.C. Art. 2434 provides that when a spouse dies leaving more than three children, the marital portion is reduced from one-fourth of the succession in full ownership to a child's portion in usufruct. At the time of Mr. Mullin's death, Mrs. Mullin was fifty years of age. Accordingly, based on these facts, Mrs. Mullin was entitled to a marital portion of $54,245.95 ($385,128.79 [the net estate] × 1/5 [a child's portion] × .704257 [the usufructuary interest of Mrs. Mullin]) in usufruct.
Mrs. Mullin next contends that in the event we find that she is entitled to a marital portion that the amount of her legacies should not be deducted. We recall that Mr. Mullin bequeathed $50,000 to Mrs. Mullin, as well as the usufruct of his one-half interest in his home and the belongings therein located.
LSA-C.C. Art. 2435 states that the marital portion must be reduced by the value of any legacies made to the surviving spouse. Contrary to the clear wording of Article 2435, Mrs. Mullin, without citation of authority, asserts that Mr. Mullin's legacies to her should be considered as a gift that should not be deducted in the calculation of the marital portion. After carefully reviewing the law and jurisprudence, we find no support for Mrs. Mullin's assertion. Accordingly, we find that the Mr. Mullin's legacies to Mrs. Mullin are properly deductible from the marital portion calculated hereinabove.
As recognized in Succession of Lichtentag, 363 So.2d 706 (La.1978), it is permissible for the surviving spouse claiming the marital portion to renounce the legacy left to her by her deceased spouse. However, if a renunciation takes place, "a value of that renounced legacy must be included in the calculation of the marital portion." Id. at 711.
The trial court ruled that even if Mrs. Mullin was in necessitous circumstances that her legacies were valued more than the marital portion. At this juncture, we find it important to note that Mrs. Mullin had not yet traversed the detailed descriptive list. Until such time as the value placed on the property as included in the descriptive list is successfully traversed, the descriptive list is only accepted as prima facie proof of its correctness. LSA-C.C.P. Art. 3137; Succession of Benton, 354 So.2d 721 (La.App. 4th Cir.1978).
We have referred to the prima facie value of the detailed descriptive list because Mrs. Mullin's legacy of a usufruct over the onehalf interest Mr. Mullin owned in his home was not discounted to take into consideration the precarious nature of Mrs. Mullin's right as usufructuary of only one-half of the home. In Devillier v. Devillier, 371 So.2d 1230 (La. App. 3rd Cir.1979), writ denied, 373 So.2d 546 (La.1979), we held that a co-owner cannot burden his interest with a usufruct in favor of a third person and thereby extinguish rights of another co-owner to obtain a partition by licitation. Thus, it is clear from Devillier that the valuation of Mrs. Mullin's usufruct is overstated in the detailed descriptive list since it has not taken into account Mr. Mullin's divorced wife's right to demand partition of the home. Accordingly, we find it premature to conclude that the value of Mrs. Mullin's legacies exceed the marital portion she might receive. Moreover, since Mrs. Mullin's usufruct has not been correctly valued, additional evidence is needed to determine the amount that her legacies would be credited against the marital portion should she opt to renounce her legacies.
Giving full consideration to Mrs. Mullin's options, we find it necessary to remand this case to the trial court to provide Mrs. Mullin with an opportunity to traverse the valuation of Mr. Mullin's usufructuary bequest to her, and to allow Mrs. Mullin, in light of that *651 valuation, to inform the trial court of her decision regarding her legacies.
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded for further proceedings in accordance with the views expressed herein. Costs of this appeal are assessed to the succession.
REVERSED AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.