704 So.2d 953 (1997)
Rebecca Sue NORSWORTHY, Plaintiff-Appellee,
v.
SUCCESSION OF William C. NORSWORTHY, Defendant-Appellant.
No. 30010-CA.
Court of Appeal of Louisiana, Second Circuit.
December 12, 1997.
*954 James Pettway, Monroe, for Defendant-Appellant.
Donald L. Kneipp, Monroe, for Plaintiff-Appellee.
Before MARVIN, C.J., and STEWART and CARAWAY, JJ.
MARVIN, Chief Judge.
In this action by the widow, Rebecca Norsworthy, against the succession of her late husband, William Norsworthy, for the La. C.C. art. 2432 marital portion, the succession appeals a judgment awarding her the periodic allowance authorized by La. C.C. art. 2437. Appellant contends the trial court overvalued the net estate of decedent and miscalculated the marital portion to reach the monthly allowance of $2,500.
We affirm the periodic allowance award.

DISCUSSION
Decedent died testate on May 27, 1995 after he had married plaintiff almost four years before. The Norsworthys agreed to a separate property regime, which did not and legally, could not, waive either spouse's right to claim the marital portion if the other spouse died "rich" in comparison to the claiming spouse. La. C.C. arts. 2330, 2432.
Besides his widow, decedent was survived by two adult children, one of whom is the executrix of his estate. Decedent specially bequeathed to his widow their home, its furnishings, and a 1989 Jaguar automobile. The home secured a mortgage indebtedness of more than $36,000 and had a net value of $113,634. The household furnishings bequeathed to plaintiff were valued at $10,000, the Jaguar at $12,450. Decedent also named plaintiff as the beneficiary of a $250,000 insurance policy on his life. The executrix and plaintiff agreed that plaintiff was entitled to claim the marital portion (1/4 of the succession in usufruct in this instance, not to exceed $1 million) but did not agree on the amount or value of decedent's succession or estate.
After a hearing on the motion for periodic allowance, the trial court determined the periodic allowance by simply using the net value of the estate shown on the federal estate tax return, $3,716,727, which included $1,330,639 in life insurance proceeds payable to beneficiaries other than the estate and plaintiff.
The succession correctly argues that beyond exposure to federal estate tax liability, life insurance proceeds payable to a beneficiary other than decedent's estate are not considered as a part of a Louisiana decedent's estate. American Health & Life Ins. Co. v. Binford, 511 So.2d 1250, 1253 (La.App. 2d Cir.1987) (citing T.L. James and Company, Inc. v. Montgomery, 332 So.2d 834 (La. 1975)). See also Dupuy v. Dupuy, 52 La. Ann. 869, 27 So. 287, 289 (La.1899). We agree that the Louisiana estate (decedent's succession for the purpose of determining the marital portion) should not include life insurance proceeds payable to beneficiaries other than the estate. We also agree that the life insurance proceeds payable to the spouse claiming the marital portion should be deducted from the marital portion.
We are here concerned only with the amount of the periodic allowance, whether the $2,500 monthly allowance is abusively high and potentially threatens to exceed the marital portion if it unduly continues for a lengthy period and to exhaust the estate. Otherwise, the Civil Code expressly allows for an adjustment upon the final fixing of the marital portion. La. C.C. art. 2437. Moreover, at this juncture, plaintiff, who is not in the position of a forced heir and who does not appeal or answer the executrix's appeal, cannot complain that the trial court included in its deductions from the marital portion its evaluation of the social security benefits to be paid to plaintiff during her lifetime, or urge that other properties should be included in decedent's estate, fictitiously or otherwise. La. C.C.P. art. 2133; Succession of Caraway, 25,879 (La.App.2d Cir. 6/22/94), 639 So.2d 415. See also A.N. Yiannopoulos, Personal Servitudes § 215, in 3 Civil Law Treatise (3rd ed. 1989)(citing Francois v. Tufts, 571 *955 So.2d 813 (La.App. 4th Cir.1990), writ denied, 575 So.2d 368 (La.1991)).
In any event, decedent's estate is solvent and liquid, able to pay the monthly allowance without unduly affecting the estate's solvency and liquidity. The appellant, decedent's daughter and executrix who complains of the amount of the monthly allowance, has the authority to promptly conclude the succession and effectively terminate the monthly allowance.
At this juncture the value of decedent's Louisiana succession and the marital portion has not been determined either by the trial court or this court. The trial court's calculations were made to serve only as a basis for determining the monthly allowance that is here complained of. We consider the trial court's calculations solely for the purpose of addressing the argument of each litigant. We do note relatively minor arithmetical mistakes in the trial court's calculations, which we have corrected in an unpublished appendix, not to be binding here or below on the litigants. For discussion purposes only, the net value of the federal estate appears to be at least $3,700,000. After the life insurance proceeds payable to beneficiaries other than the estate are excluded, the Louisiana estate appears to have a net value of about $2,400,000. The marital portion is 1/4 of the net value of the Louisiana estate. La. C.C. art. 2434.
Deductions from the marital portion mandated by La. C.C. art. 2435 include the assigned value of plaintiff's legacies, life insurance proceeds, social security death benefit [$255] and the value of social security benefits attributable to decedent's contributions to the social security system. We repeat that we need not pass on the trial court's deductions or calculations because the marital portion, after mandated deductions are made, will leave the net marital portion at more than $150,000. La. C.C. art. 2435. See unpublished appendix. The net marital portion will exceed most multiples of the $2,500 monthly allowance.
The succession also contends the trial court created a windfall for plaintiff by not discounting the marital portion (usufruct) to its present value of the usufruct. The succession reasons that because Mrs. Norsworthy received in full ownership legacies and other monetary benefits, her marital portion in usufruct should be discounted to its present value so that its true value relative to the legacies and benefits she received in full ownership can be ascertained. La. C.C. arts. 2434, 2435. In effect, the succession would have us find the value of one-fourth of the succession in usufruct by using the American Experience Table of Mortality in La. R.S. 47:2405, before making the mandated deductions, by first multiplying the marital portion by .739388, the present value of a life usufruct of $1 to a person Mrs. Norsworthy's age. Appellant then argues that after the mandated deductions that remaining figure is then to be secondly divided by .739388, which results in Mrs. Norsworthy being entitled to a marital portion of only $33,276. We cannot agree.
There being two surviving children of decedent, art. 2434 provides for a marital portion of one-fourth (1/4) of the succession in a lifetime usufruct. Art. 2434 does not provide that the marital portion is the present value of a lifetime usufruct over one-fourth of the succession. See A.N. Yiannopoulos, Personal Servitudes § 217, supra. The trial court correctly applied art. 2434, noting Comment (d) to this article, which states that:
The surviving spouse is entitled to the usufruct of one-fourth or of a lesser fraction of the succession, depending on the number of children. He is not entitled to the value of such a fraction in usufruct or to a usufruct having a value equal to that of such a fraction of the succession. Succession of Henry, 287 So.2d 214 (La.App. 3d Cir.1973), is overruled to the extent that it is inconsistent with Article 2434.
We also note Comment (c) to the same article:
The survivor receiving the marital portion in usufruct incurs, in principle, the rights and duties of usufructuaries under the general law. Taylor v. Taylor, 189 La. 1084, 1093, 181 So. 543, 546 (1938). Cf. Hartford Accident & Indemnity Co. v. Abdalla, 203 La. 999, 14 So.2d 815 (1943). He is exempt, however, from the requirement of *956 posting security. The usufruct attaches to the proceeds of a liquidated succession and is one of money. The principle of "le mort saisit le vif" does not apply to the marital portion. Since Article 2382 makes no provision for termination of the usufruct upon remarriage, this usufruct is for life and terminates in accordance with the general provisions governing usufruct. See C.C. Arts. 607-629, as revised in 1976.
We used the correct method in Succession of Caraway, supra. Compare Succession of Mullin v. Mullin, 93-758 (La.App. 3rd Cir. 2/2/94), 631 So.2d 647, 650. We follow Caraway and not Mullin.

CONCLUSION
La. C.C. art. 2437 authorizes the periodic allowance. We emphasize its provisions:
When, during the administration of the succession, it appears that the surviving spouse will be entitled to the marital portion, he has the right to demand and receive a periodic allowance from the succession representative.
The amount of the allowance is fixed by the court in which the succession proceeding is pending. If the marital portion, as finally fixed, is less than the allowance, the surviving spouse is charged with the deficiency.
The record suggests that Mrs. Norsworthy's monthly expenses are about twice the amount of the periodic allowance awarded by the court. In this appeal by the succession, we review only the judgment awarding Mrs. Norsworthy the monthly allowance of $2,500 to determine whether it is abusively high. It is not.
Considering that Mrs. Norsworthy's net marital portion in usufruct, when finally determined, will obviously be more than $150,000, we cannot say that the trial court abused its discretion in awarding the $2,500 monthly allowance during the administration of the succession as provided by art. 2437, supra.

DECREE:
The judgment, at appellant's cost, is AFFIRMED.