WILLIAMS, J.
LThe plaintiff, Stella Whatley, adminis-tratrix of the ancillary succession of Margaret Smart, appeals a judgment in favor of the intervenors, William Smart and James Smart, dismissing her claims and cancelling the notice of lis pendens. The district court also denied the plaintiffs exceptions of no right and no cause of action and her motion for partial summary judgment. For the following reasons, we affirm.
FACTS
In December 1967, Samuel Smart died testate in Louisiana. The decedent was survived by his wife, Iva Smart, and their two children, James Smart and Sam Smart. After proceedings in Samuel Smart’s succession, a judgment of possession rendered in 1968 conveyed to James and Sam Smart a one-half interest each in their father’s separate property, which included a 58-acre tract of land (“tract A”) located in Lincoln Parish, Louisiana. Regarding the estate’s community property, the judgment conveyed a one-half interest to Iva Smart and a one-fourth interest each to James and Sam Smart. The community property included a 160-acre tract of land (“tract B”) in Lincoln Parish. After Iva Smart died in 1983, James Smart and Sam Smart each acquired a separate one-half interest in her estate. As a result, James and Sam each inherited as separate property a one-half ownership interest in tracts A and B. James was domiciled in Alabama when he inherited this immovable property.
In June 2010, James Smart died intestate while domiciled in Alabama. He was survived by his wife, Margaret Smart, and they did not have any children. James Smart’s closest surviving relatives were his two nephews, [2William Smart and James Smart, the children of his predeceased brother, Sam. Under Alabama law, when James Smart died without a will, his surviving spouse, Margaret, inherited all of his property in Alabama. No ancillary succession was opened for the estate of James Smart in Louisiana.
In 2011, Margaret Smart died intestate in Alabama. She was survived by her siblings, including Stella Whatley, who was appointed by an Alabama court as the administratrix of her sister’s Alabama estate. Whatley then opened an ancillary succession for Margaret in Lincoln Parish, *1275 Louisiana, where tracts A and B are located. Whatley was appointed administratrix of her sister’s ancillary succession.
In December 2012, the plaintiff, Stella Wfiiatley, as administratrix of the ancillary succession, filed a “Petition for Value of Immovable Property Due Under Civil Code Article 3527,” naming as defendants the unopened successions of Iva Smart and James Smart. The petition alleges that tracts A and B are subject to the right of Margaret Smart’s estate to recover the value of James Smart’s ownership interest in the immovable property at the time of his death in Alabama. The plaintiff also filed a notice of lis pendens in the mortgage records of Lincoln Parish to notify third parties of the lawsuit. Plaintiff requested the appointment of a representative of the unopened successions. The district court appointed attorney Ryan Madden as representative.
In May 2013, William Smart and James Smart intervened as owners of the tracts of land at issue in the petition. The inter-venors filed an answer and a reconventional demand alleging that the notice of lis pendens was I.Jmproper. They also filed a motion for summary judgment on the grounds that any claim of Margaret Smart to James Smart’s property was extinguished by the doctrine of confusion. The plaintiff then filed an opposition to summary judgment, exceptions of no right and no cause of action against the intervenors’ demand and a motion for partial summary judgment as to the claim under LSA-C.C. art. 3527. The intervenors filed an exception of no cause of action.
At the hearing on the pleadings, the representative of the unopened successions adopted the arguments of the intervenors. In its written ruling, the district court treated the intervenors’ exception as an exception of no right of action based on their allegation that a claim under Article 3527 is a personal right that is not heritable. The court found that any cause of action created by Article 3527 is personal to the surviving spouse so that when Margaret died, that claim could not be asserted by her heirs. The court also found that the notice of lis pendens filed by plaintiff was improper. Thus, the court rendered judgment dismissing the plaintiffs petition and canceling the notice of lis pendens. The plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the trial court erred in granting the intervenors’ exception of no right of action and dismissing her petition. Plaintiff argues that the court misconstrued Article 3527 because that article is primarily a choice of law provision which does not create a cause of action.
LSA-C.C. art. 3527 provides: .
Upon the death of a spouse domiciled outside this state, that spouse’s immov-ables situated in this state and acquired by |4that spouse while domiciled outside this state, which are not community property under the law of this state, are subject to the same rights, in value only, in favor of the surviving spouse as provided by the law of the domicile of the deceased at the time of death.
Article 3527 is an exception to the general rule that Louisiana law will govern the rights and obligations of spouses with regard to immovables situated in this state. LSA-C.C. art. 3524. Pursuant to Article 3527, the surviving spouse is entitled to receive the monetary value of any rights that would have been provided by the law of the state in which the acquiring spouse was domiciled at the time of death. See Dian Tooley-Knoblett, A Step By Step Guide to Louisiana’s Choice of Law Provisions on Marital Property, 52 Loy. L. Rev. 759, 786-87 (2006).
*1276 In the present case, the plaintiffs contention in her appellate brief that Article 3527 does not provide a cause of action contradicts her original petition, which asserts a claim for the value of the decedent’s ownership interest in Louisiana land on the basis of Article 3527. In her brief, the plaintiff asserts that Article 3527 is primarily a choice of law provision that gives the court instruction as to which state’s law should apply. However, as the trial court noted, the nature of the action provided by Article 3527 must be considered.
The plaintiff further contends the trial court erred in determining the meaning of the phrase “in value only” as used in the article. Plaintiff argues that the phrase should not be seen as a limit to applying Alabama law because the situation in this case involves a property interest that is recognized in Louisiana.
IfiAs noted above, Article 3527 provides that when a spouse dies while domiciled outside Louisiana owning separate immovable property in this state that was acquired while domiciled in another state, the immovable is subject to “the same rights, in value only,” in favor of the surviving spouse as provided by the law of the domicile of the deceased at the time of death. Article 3527, comment (c) states that the phrase “in value only” has the same meaning as in LSA-C.C. art. 3526. Article 3526, comment (h) provides that the phrase “in value only” is used to avoid the situation where the law of the domicile at the time of acquisition grants to the nonacquiring spouse a property interest that Louisiana law does not recognize.
Here, contrary to plaintiffs argument, the language of the comments indicates that Article 3527 does not provide for the complete adoption of the law of the domicile state for application in this state. Rather, the comment language demonstrates that in using the phrase in value only, the authors of Article 3527 specifically chose to provide the surviving spouse with a claim for monetary value that does not involve an ownership interest in the immovable at issue. Thus, the trial court was correct in concluding that in drafting Article 3527, the legislature did not intend to create an ownership interest in the immovable. Rather, the value of that interest in the immovable is used as the measure of the monetary “value” of the surviving spouse’s “rights” as provided by the law of the domicile state. Plaintiffs argument lacks merit.

Issue of Heritable Rights

The plaintiff contends the trial court erred in finding that the action | ^created by Article 3527 is a personal right. Plaintiff argues that the trial court’s analogy to the marital portion statute is not proper because Article 3527 does not expressly limit heritability.
LSA-C.C. art. 1765 provides that every obligation is deemed heritable as to all parties, except when the contrary results from the terms or from the nature of the contract. A heritable obligation is also transferable between living persons. Under LSA-C.C. art. 1766, an obligation is strictly personal when its performance can be enforced only by the obligee or only against the obligor. When the performance is intended for the benefit of the obligee exclusively, the obligation is strictly personal on the part of that obligee.
If the acquiring spouse was, at the time of acquisition of the property and at the time of death, domiciled in another state, Article 3527 becomes applicable “to give the other spouse the protection given by the law of that state. When that other state is a community property state, this protection may amount to virtually nothing. When the other state is a separate property state, this protection will likely *1277 consist of a statutory ... one-third share.” Article 3527, comment (b).
When a spouse dies relatively wealthy in comparison to the other spouse, the surviving spouse is entitled to claim the marital portion from the succession of the deceased spouse. LSA-C.C. art. 2432. The marital portion is an incident of the marriage and a charge on the succession of the deceased spouse. LSA-C.C. art. 2433. The right of the surviving spouse to claim the marital portion is personal and nonher-itable. LSA-C.C. art. 2436.
The position of an article in the civil code is an important | ^consideration in its interpretation and application. Succession of Lichtentag, 363 So.2d 706 (La.1978). The right to claim the marital portion fulfills the equitable intention of our law to provide a measure of financial security for the surviving spouse. The marital portion is a benefit conferred upon the surviving spouse by operation of law. Lichtentag, supra.
The plaintiff argues in brief that the claim for value of Article 3527 is heritable because under Alabama law, the surviving spouse inherits the deceased spouse’s ownership interest in separate immovable property. However, as previously stated, under Article 3527 the surviving spouse did not acquire an ownership interest in the Louisiana immovable. Instead, Article 3527 provides the surviving spouse with the benefit of a claim against the deceased spouse’s estate for the value of whatever rights she would have received under Alabama law.
The trial court explained in its written ruling that in interpreting Article 3527, the court had considered the placement of the article within the Civil Code and the similar purposes of Article 3527 and the marital portion law. The trial court noted that the marital portion article is placed in the title regarding the property 'rights of parties in a marriage and that Article 3527 appears in Civil Code Book IV, Conflict of Laws, Title III, Marital Property, and does not appear in Title TV, Successions. Citing Lichtentag, supra, the trial- court found that the placement of Article 3527 is persuasive evidence of the redactors’ intent that the claim under Article 3527 is personal to the surviving spouse as an incident to the marriage and not a right that may be inherited.
|sWe note that Article 3527, like the marital portion article, confers a benefit exclusively to the surviving spouse by operation of law. In addition, comment (b) of Article 3527 explains that the purpose of the article is to give financial protection to the surviving spouse. Similarly, the marital portion article seeks to provide financial security to the surviving spouse. The common purposes of Article 3527 and the marital portion article further support the trial court’s finding that the surviving spouse’s claim for value provided by Article 3527 is a personal and nonheritable right.
Based upon our consideration of the applicable law, we conclude that the trial court’s interpretation of Article 3527 as creating a personal right for the exclusive benefit of the surviving spouse is reasonable in light of the language and purpose of the article. Consequently, when the surviving spouse, Margaret Smart, did not exercise her right to make a claim for the value of her deceased spouse’s ownership interest pursuant to Article 3527 during her lifetime, that right was extinguished and was not inherited by her heirs. Because the plaintiff cannot assert an action under Article 3527, the trial court correctly rescinded the plaintiffs notice of pendency *1278 of action filed in this matter. Thus, the assignments of error lack merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Stella Whatley, administratrix of the ancillary succession of Margaret Smart.
AFFIRMED.